THOMAS ROSE ᴇᴛ ᴀʟ., *Plaintiffs in Error*,

*vs.*

THOMAS D. BARR, *Defendant in Error*.

ERROR TO THE CIRCUIT COURT OF JEFFERSON COUNTY.

Rule 16 of the Circuit Court in relation to the taking of inquests at the circuit, applies only to cases in which there is an issue of fact.

An inquest taken at the circuit, where judgment has been entered by default, as for want of a plea upon notice, as prescribed by Rule 16, is irregular.

Where the defendant has appeared in a cause, he will be entitled to notice, according to the provisions of Rule 13, of other proceedings.

The facts in this case, so far as they relate to the judgment of the court, are fully stated in the opinion.

*D. Noggle*, for plaintiffs in error.

*J. E. Holmes*, for defendant in error.

*By the Court*, Sᴍɪᴛʜ, J.   The rendition and entry of judgment in this case are clearly irregular. The cause was not at issue so as to fall under Rule 16 of the Circuit Court, in relation to the taking of inquests at the circuit, and hence the notice of trial and inquest, served April 17, 1852, is not applicable to a proceeding of this kind.   Rule 16 provides that "Inquests in causes where there are issues in fact, may be taken at the Circuit Courts out of their order on the calendar at the opening of the court, on any day after the first day of the circuit, or at such time as shall be prescribed by the presiding judge at the opening of the term ; provided, the intention to take an inquest is expressed in the notice of trial, and a sufficient affidavit of merits shall not have been filed and served ;

and when an inquest shall have been regularly taken,
the same shall not be set aside except upon the pay-
ment of the costs thereof."

The plaintiff commenced his proceedings by attach-
ment. The defendants, in pursuance of the statute,
traversed the affidavit, and upon the hearing, the
court found for them, and gave judgment for six cents
damages. The defendants then interposed what they
denominated a plea in abatement, for misjoinder of
parties defendant. Previous to the April term the
plaintiff gave notice of trial and inquest in the usual
form. At the April term the defendant's plea was
stricken from the files. The plaintiff then proceeded
to empannel a jury to assess the damages, in the ab-
sence of the defendants and their counsel, and with-
out having given any notice of such inquest, except
the usual notice of trial &c., which, it seems, did not
warrant such proceeding.

Even admitting that the cause was in a condition
for an assessment by the clerk, of damages, or a writ
of inquiry, yet, inasmuch as the defendants had ap-
peared in the cause, they were entitled to notice ac-
cording to the provisions of the thirteenth rule of
practice in the Circuit Court.

It is probable that in the hurry of circuit practice,
a wider scope was given to Rule 16 than its framers
intended, and than its language will justify, and thus
the counsel for the plaintiff was led into error.

The judgment of the Circuit Court is reversed with
costs, and the cause remanded for further proceedings,
according to law.