## STONACH and STONACH, Plaintiffs in Error,

*vs.*

## MATTHIAS GLESSNER, Defendant in Error.

### ERROR TO MILWAUKEE COUNTY COURT.

The appearance of the defendant in attachment, and moving for a nonsuit, on the ground that security for costs had not been filed, as required by rule of court, is an appearance to the action.

After the defendant has appeared in the cause, though he make default by neglecting to plead, he is entitled to notice of the assessment of damages.

An inquest of damages taken without notice to the defendant, after he has appeared in the cause, is irregular, and will be set aside; and if final judgment be rendered thereon, it will be reversed on error.

ACTION of assumpsit commenced by attachment in the Milwaukee County Court, returnable to the June term, 1855. The sheriff returned that he had attached certain property of the defendants, but was unable to find either of them. On the 4th day of June, the first day of the term, the plaintiff below filed his declaration, together with security for costs. On the 6th day of June, the defendants "came by Peter Yates, their attorney, for the purposes of the motion, and for no other purpose," and moved the court for a nonsuit, for the reason that security for costs had not been filed with the declaration according to the rules of said court. On the 7th day of June, when the motion was called up, the attorney for the defendants, ascertaining that he had overlooked the paper containing security for costs, abandoned his motion. The same day the plaintiff moved that the defendants' default be entered for want of a plea. On the 13th, this motion was argued by the counsel for both parties, and was granted by the court. The plaintiff's counsel then stated that the object of the motion was to test the question, whether the appearance of the defendants, and making the motion for a nonsuit was an "appearance" within the meaning of the statute, and offered to give the defendants time to plead, which offer was rejected by their counsel.

On the same day, the plaintiff proceeded to have judgment

interlocutory entered, and to assess his damages, as in the usual case of default for want of plea. The damages were assessed at $158, and final judgment was rendered accordingly.

On the 16th of June, during the same term, the defendants moved the court to set aside the defendants' default, and all subsequent proceedings, for irregularity; in that, as the court had decided the appearance of the defendant to move for a nonsuit, was such an appearance as entitled the plaintiff to a default for want of a plea, the defendants were entitled to notice of the assessment of damages, which had not been given.

The motion after argument was overruled by the court, and the defendants excepted.

*Yates,* for the plaintiffs in error.

*Paine & Sons,* for the defendant in error.

*By the Court,* COLE, J. That there was a good appearance in this cause by the plaintiffs in error, by their attorney, in the court below, we have no kind of doubt. They could not come into court and move for a judgment of nonsuit, because security for costs was not filed with the declaration, as required by the rules of the County Court, and upon discovering their mistake, withdraw from court, and claim they had made no appearance in the cause. This, certainly, would be trifling with the rights of parties and the dignity of courts. The appearance must be regarded as a general appearance in the cause. That being the case, they were entitled to notice of inquest or assessment of damages. I do not find anything in the rules of the County Court regulating the method of taking inquests, but still, I suppose notice should be given in that court unless expressly waived by the defendant. This is a safe and salutary rule of practice; it works no inconvenience to the plaintiff, and is very generally adopted.

*Circuit Court Rules, No.* 13; 2 *Wis.* 492; 1 *Bur. Prac.* 396; 1 *Tidd,* 576; 6 *Taunt.* 458.

The assessment of damages, therefore, in this cause, was irregular, and should have been set aside.

Judgment of the County Court reversed, with costs, and cause remanded for further proceeding, according to law.