GRANTIER vs. ROSECRANCE, impleaded, etc.

PRACTICE:   (1.) *Affidavit of service of summons.*   (2.) *Setting aside judgment for defective service.*   (3.) *Waiver of defective service.*

1. In an action against two defendants, an affidavit by a person not an officer, that he served the summons and complaint on M. R. "to him known as the defendant therein named," etc., *held* insufficient.

2. Where the record does not contain proper proof of service of the summons, an order setting aside a judgment as upon default must be sustained, unless the defect was waived.

3. A motion to set aside a judgment on the ground that the complaint does not state a cause of action, is a *general* appearance, and waives any defect in the service of summons, although the notice of the motion states that defendant appears "specially" for the purpose of setting aside the judgment, and although such defective service is also assigned as a ground for the motion.

APPEAL from the Circuit Court for *Trempealeau* County.

The plaintiff brought an action against one Lewis and *Martin Rosecrance*, upon a judgment rendered against them in his favor, in a court of another state; and he took judgment as for default of answer against both defendants. The order for judgment recites that the summons, with a copy of the complaint, had been personally served on the defendant *Rosecrance*. The proof upon the record of service of the summons was an affidavit of one Robinson, stating that on, etc., "he served the within summons and the complaint thereunto annexed, on *Martin Rosecrance*, to him known as the defendant therein named, and that said service was made by delivering to said *Martin Rosecrance* a true copy of the within summons and the complaint thereunto annexed, and leaving the same with him, and indorsing on the said copy of summons and complaint, over my signature, the time of service, and certifying that the same was a true copy of the original." Afterwards, *Rosecrance* gave notice of a motion to set aside the judgment, on the grounds that the record did not show a legal service of the summons upon him; that there had never been any such service in fact; and that the complaint did not state a cause of action against him. The notice stated that said defendant appeared specially for the purpose of said motion; and it was accompanied by an affidavit to the effect that no copy of a summons had ever been served upon him with any indorsement thereon by said Robinson; and that no copy of the original

summons in this action had ever been served upon him at all. The papers served on *Rosecrance* were put in evidence at the hearing, and it appeared that the summons served on him was not a true copy of the original summons on file, being one "for relief" instead of "for money," and that it had no indorsement thereon by Robinson. The court set aside the judgment as to *Rosecrance*, because of the variance between the original summons and the copy served upon him; and from this order the plaintiff appealed.

*Utter & Robinson,* for appellant, argued that the affidavit of service was sufficient; that the variance between the original and copy summons could not mislead the respondent to his prejudice, and was therefore no ground of objection (4 Abb. Dig. 784, sec. 19; 2 Hill, 413; 10 Abb. Pr. R. 260); that the judgment should not be reversed for such variance, since it did not "affect the substantial rights of the adverse party" (R. S. ch. 125, sec. 40; 10 Wis. 293; 12 id. 528; 17 id. 403; 18 id. 98; 19 id. 35); that "where the complaint contains the appropriate prayer for relief, and is served, with the summons, defendant cannot be deemed misled" by the erroneous form of the summons (*Baxter v. Arnold,* 9 How. Pr. R. 445; *Dunn v. Bloomingdale,* 14 id. 474); and that if there was an irregularity in the absence of a proper indorsement of the summons by the person serving it, the defendant should have moved promptly to correct it, and after standing quietly by and letting judgment go against him by default, could not have the judgment set aside for such irregularity, and that without even an affidavit of merits. *Hunter v. Lester,* 10 Abb. Pr. R. 260; *Broderick v. Boyle,* 1 id. 319; 2 id. 344; *Myers v. Overton,* 4 E. D. Smith, 429; 2 Whittaker's Pr. sec. 273, p. 579.

*Newman & Button,* for respondent:

No. 41, C. C. Rules, requires the affidavit of service to state that the person serving the summons "knew the person served *to be* the person mentioned and

described in the summons as defendant therein." The affidavit in this case, that the summons was served by the affiant on *Martin Rosecrance*, "to him known as the defendant therein named," is not a substantial compliance with the rule. The facts stated are not inconsistent with the hypothesis that the service was made upon a stranger, mistaken for the defendant. In case of a service by any other person than an officer, "no presumption is to be indulged upon facts not wholly inconsistent with any other hypothesis than that the service was legally and properly made." *Sayles v. Davis*, 20 Wis. 302. 2. Service of a copy without the indorsement required by ch. 68, Laws of 1869, would not authorize the rendition of a judgment as upon default. *Wendel v. Durbin*, 26 Wis. 390.

COLE, J. There can be no doubt that the record failed to show any legal service of the summons in the action; and had not this defect been waived by the appearance of the defendant *Rosecrance*, the order appealed from would have to be affirmed. But he, by his attorneys, moved the court to set aside the judgment upon several grounds, one of which was the following: " 4th. Because the complaint in this action does not state a cause of action against the defendant *Martin Rosecrance*." Coming into court and moving that the judgment be set aside upon such a ground was a general appearance in the cause, and cured all irregularity in the service of process. It is true, the notice states that the defendant appears "specially" for the purpose of setting aside the judgment; and had he limited the motion solely to the defects in the service of the summons, the appearance would have been a qualified one. But he did not ask to have the judgment vacated for that reason alone, but because the complaint did not state a cause of action against him. This was a full submission to the jurisdiction of the court, and was a general appearance. It is substan-

tially the same as though he had come into court before judgment was entered, and demurred to the complaint upon the ground that it stated no cause of action. He expressly asked the court, in his motion, to review the complaint and to vacate the judgment because the complaint was fatally defective. It is difficult to conceive how a more full or general appearance could be made, so far as the jurisdiction over the person of the defendant *Rosecrance* was concerned. He must be held to have waived all defects and irregularities in the service of the summons upon him. *Stonach v. Glessner*, 4 Wis. 275; *Barnum v. Fitzpatrick*, 11 id. 81; *Tallman v. McCarty*, id. 401; *Upper Transportation Co. v. Whittaker*, 16 id. 220; *Conger v. C. & G. U. R. R.*, 17 id. 477; *Cron v. Krones*, id. 401.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to reinstate the judgment.