ALDERSON VS. WHITE and another, imp.

JURISDICTION.     (1, 2) *Appearance by motion waiver of objection to juris-
diction.*
PRACTICE.     (3) *Who entitled to notice of motion to set aside judgment.*
    (4) *When such motion must be founded on affidavit.*

1. A motion to set aside a judgment, based partly on the failure of the
   court to obtain jurisdiction of the moving defendant, and *partly upon
   mere irregularities*, not jurisdictional, is a *general appearance*, and a
   waiver of all objections to the jurisdiction.
2. Thus, where such a motion, in a mortgage foreclosure suit, was based
   in part upon the absence of proof of due filing of *lis pendens*, and,
   after the first judgment had been set aside, a like motion as to a sec-
   ond judgment was based in part on an alleged illegal taxation of
   costs and error in computing the amount due on the mortgage: *Held*,
   that each of the motions was a general appearance and submission
   to the jurisdiction, although both were also based in part on defects
   in the service of summons.
3. A defendant who has not answered, nor appeared before the time to an-
   swer has expired, is not entitled to notice of the application for judg-
   ment. *Sayles v. Davis*, 22 Wis., 225.

Alderson vs. White and another, imp.

4. One who desires to have a judgment set aside for excessive taxation of costs, or error in computing the amount due on the instrument sued upon, must show the facts by affidavit in order to entitle himself to such relief.

APPEAL from the Circuit Court for *Iowa* County.

This action was brought in said county to foreclose a mortgage given by the defendants *John* and *Grace White* to secure the payment of their note. Upon the summons was endorsed a certificate (not upon oath) purporting to be made by one Francis Campbell, sheriff of *La Fayette* county, stating that on the 13th of October, 1869, he served said summons on the defendants *John* and *Grace White*, "at the residence of the defendants at Mifflin, *Iowa* county, * * * by delivering to and leaving with Albert White, a son of the above named defendants and a member of their family, a person of suitable age and discretion, a true copy thereof," etc. On the 8th of April, 1871, the defendants not having answered or appeared, the plaintiff took judgment in accordance with the complaint. On the 27th of the same month, the defendants *John* and *Grace White* moved to set aside such judgment, upon. the grounds that there was no competent proof on file of the service of the summons or the making of the proper indorsements thereon; and that it had never been served in fact, not having been left with a member of defendants' family; and also because "there was no proof that a notice of the pendency of the action was filed with the register of deeds of Iowa county in the manner prescribed by law, and said notice was in fact filed on the day said judgment was obtained." On the 10th of July, 1871, the court, after a hearing, set aside the judgment. On the 13th of October following, the plaintiff filed certain affidavits of Francis Campbell and Henry S. Magoon, Esq., which, the record states, "had been offered and refused by the court at the argument of the motion July 10th." The affidavit of Campbell was for the purpose of showing the fact of service; that of Mr. Magoon went to show that more than twenty days had elapsed

since the service of said summons, and that no notice of general appearance, or demand of a copy of the complaint, or answer or demurrer to the complaint, had been served on him, as plaintiff's attorney, etc. Thereupon, on plaintiff's motion, the court made an order adjudging that it had jurisdiction of each of the defendants, that the summons herein was properly served on each of them on the 13th of October, 1869, etc., and that the defendants were in default; and upon proof being made of the allegations of the complaint, and of the amount due on the note and mortgage, judgment of foreclosure and sale was entered on the same day. On the 24th of November, 1871, the defendants *John* and *Grace White,* upon counter affidavits, moved to set aside said second judgment on the following grounds: 1. That there was no legal service of the summons. 2. That the service had been declared void, and the judgment set aside for that reason. 3. That there was no competent proof of service on file. 4. That there had been an illegal and excessive taxation of costs, and an error made in computing the amount due on the mortgage. The notice of this motion stated that the defendants appeared only for the purpose of making it. The court denied the motion; and from this order said defendants appealed.

*Alex. Wilson,* for appellants:

1. The certificate of the sheriff of one county, without affidavit, that he has served a summons in another county, is no proof of such service. R. S., ch. 124, sec. 13. The first judgment was therefore properly set aside. 2. The order setting the judgment aside was made without reserving any right to the plaintiff to move again upon new proofs of service. From that order no appeal was taken, and it was final. 9 Wis., 15–30; 11 id., 430; 24 id., 134. 3. Although defendants had moved for and obtained an order setting aside the judgment, no notice of the second application for judgment was ever served on them or their attorney. R. S., ch. 132, sec. 27, subd. 2; *Northrop v. Shephard,* 23 Wis., 513.— Counsel also contended

that defendants' affidavits showed that the attempted service of summons was insufficient.

*Henry S. Magoon*, for respondent, to the point that the motion to set aside the judgment on the ground of an illegal and excessive taxation of costs was a *general appearance*, cited *Grantier v. Rosecrance*, 27 Wis., 488; *Stonach v. Glessner*, 4 id., 275; *Keeler v. Keeler*, 24 id., 526; *Upper Miss. Trans. Co. v. Whittaker*, 16 id., 220. He also argued that, after the court had adjudged that the summons was properly served, and that it had jurisdiction of the defendants, their remedy was by appeal or writ of error; and the judgment could not be set aside, on the same question, at a subsequent term, by motion. *Ætna Ins. Co. v. McCormick*, 20 Wis., 268; *Bank of U. S. v. Moss*, 6 How. (U. S.), 31.

Dixon, C. J. This case is ruled by those of *Grantier v. Rosecrance*, 27 Wis., 488, and *Anderson v. Coburn*, id., 588. In the former it was held that a motion to set aside a judgment on the ground that the complaint did not state a cause of action, was a *general* appearance, and waived any defect in the service of summons, although the notice of motion stated that the defendant appeared " specially " for the purpose of setting aside the judgment, and although such defective service was also assigned as a ground for the motion. In the latter it was decided that where a defendant, not duly served with process of summons, appeared after an execution sale under a judgment in the cause, and moved to set aside the judgment and execution, not only because of the defective service, but for lack of proof of certain facts essential to his liability, and for excess of damages, this was a *general* appearance, and cured the defect of jurisdiction.

In the motion of the defendants to set aside the judgment first entered in this action, which motion was granted, one of the gounds assigned, aside from those specifying defects in the service of the summons and want of jurisdiction of the court

over the persons of the defendants, was, "that there was no proof that a notice of the pendency of the action was filed with the register of deeds of Iowa county, in the manner prescribed by law." Moving to set aside the judgment on this ground was inconsistent with the other grounds of motion stated. It was moving to set the judgment aside on a ground of irregularity merely in the rendition of it, and not of a defect of jurisdiction to render it. It was a ground of relief consistent with the fact of jurisdiction, and implying its existence. A motion of the kind granted on that ground would carry with it all objections to the jurisdiction of the court growing out of defective service of its process upon the persons of the defendants making the motion. It would be a submission on their part to the jurisdiction of the court, because the relief granted would be inconsistent with any other reasonable hypothesis. Vacating the judgment for irregularity implies that the court has the power to correct the error, or by that means to open the way so that it may be corrected. And the asking of such relief, whether granted or not, is also a submission and waiver of jurisdictional defect, and for the same reason. The party seeking to take advantage of want of jurisdiction in every such case, must object on that ground alone, and keep out of court for every other purpose. If he goes in for any purpose incompatible with the supposition that the court has no power or jurisdiction on account of defective service of process upon him, he goes in and submits for all the purposes of personal jurisdiction with respect to himself, and cannot afterwards be heard to make the objection. It is a general appearance on his part, equivalent in its effect to proof of due personal service of process.

Another judgment was afterwards taken and entered by the plaintiff and, like the former, also as upon default or want of appearance of the defendants. This also was followed by a like motion to set it aside. The motion was denied, and from the order denying it this appeal was taken by the defendants.

The grounds of motion were, that there was no proper or sufficient service of the summons, etc., and in addition that there had " been an illegal and excessive taxation of costs, and error made in computing the amount due upon said note and mortgage." Asking relief on the latter ground clearly constituted a general appearance in the action, if the defendants had not already so appeared by their first motion.

It was suggested at the bar that the motion should have been granted because no notice was given to the defendants of the time and place of applying to the court for the relief demanded by the complaint. The first motion was made after the time for answering had expired, and the appearance of the defendants by that motion did not entitle them to the eight days' notice of the time and place of application to the court for judgment, as in other cases of appearance. *Sayles v. Davis*, 22 Wis., 225.

If the defendants desired and were entitled to relief on the ground of an illegal and excessive taxation of costs, and of error to their injury in computing the amount due upon the note and mortgage, they should have shown the facts by affidavit, and the relief would have been granted. It is no doubt competent for the court to correct such mistakes in a proper case, but the defendants made no such case. No affidavits were filed or information otherwise given to the court, establishing their claim to such relief.

But had the defendants been entitled to the eight days' notice, yet the objection could not have been considered here, because it was not one of those assigned in support of the motion in the court below. A specific assignment of objections there precludes the bringing forward of any new ones here; for this court listens only to such points and objections as it appears were or might have been urged at the hearing below, and will examine no others.

*By the Court.*— Order affirmed.