## Mary A. Curtis *vs.* Cordelia Jackson.

### January 9, 1877.

Objection to Jurisdiction Waived by Assigning Additional Grounds for Vacating a Judgment.—Upon an application by a defendant, brought on by order to show cause, and made upon the records and files in the cause, and an affidavit of the defendant's attorney which stated several alleged defects in the pro-

ceedings—one of them going to the jurisdiction of the court over the person— for an order setting aside a judgment entered on default, *held*, that, as the affidavit did not particularly specify the ground of the application, it must be assumed that it was made upon all the defects alleged in the affidavit; and, as some of them called for the decision of questions other than those affecting the jurisdiction, the application was a general appearance in the action, and cured the objection to the jurisdiction.

Appeal by plaintiff from an order of the district court for Washington county, *Crosby*, J., presiding, vacating a judgment. The judgment was entered on default, on July 8, 1867, and the application to vacate it was made on December 15, 1874. At the hearing in the court below it was stipulated that the defendant had notice of the judgment in May, 1868.

*McCluer & Marsh*, for appellant.

*J. N. Castle*, for respondent.

GILFILLAN, C. J. This was an appeal from an order vacating a judgment entered in favor of plaintiff. The judgment was entered July 8, 1867, upon a service of summons by publication, and default of defendant to answer, and, an attachment having been issued at the time of issuing the summons, and levied upon real estate, an execution was issued on the judgment, and the real estate sold under it. In December, 1874, the defendant procured an order to show cause why the judgment should not be vacated and set aside, and such relief granted as in the premises might be just; and, pursuant to this order, the order appealed from was made. Neither the order to show cause, nor the affidavit of defendant's attorney upon which, and on the files and records in the cause, the application was made, specifies distinctly the grounds on which the application was made; but the affidavit states, as irregularities, that there was no sufficient affidavit to authorize the order directing service of the summons by publication; that no sufficient bond or recognizance was ever made in the proceeding by attachment, nor sufficient affidavit of failure to answer; that the facts found by the referee did not warrant a judg-

ment, nor does it appear that said referee ever qualified as such, or was qualified to act; that it does not appear that satisfactory security was given to authorize the entry of judgment in cases where the summons is served by publication. The defects or irregularities alleged may be taken as the grounds of the application.

All of these defects, except the insufficiency of the affidavit upon which the order of publication of the summons was made, are mere irregularities, and the right to have the judgment set aside on account of such irregularities was lost by the neglect of defendant to make application in proper time.

The objection to the affidavit upon which the order of publication was made goes to the jurisdiction of the court over the person of the defendant, and it might be available to her if she had not cured the defect by a general appearance in the action. In *Grantier* v. *Rosecrance*, 27 Wis. 488, a motion had been made and granted in the lower court to set aside a judgment, on the ground that the record did not show a valid service of the summons, and also because the complaint did not state a cause of action. The supreme court reversed the order setting aside the judgment, and said: "Had he (the defendant) limited the motion solely to defects in the service of the summons, the appearance would have been a qualified one. But he did not ask to have the judgment vacated for that reason alone, but because the complaint did not state a cause of action against him. This was a full submission to the jurisdiction of the court, and general appearance."

*Anderson* v. *Coburn*, 27 Wis. 558, was a similar case, and the rule in *Grantier* v. *Rosecrance* was reaffirmed. In *Clark* v. *Blackwell*, 4 G. Greene, (Iowa,) 441, the rule was stated: "No special appearance can be made except to jurisdictional questions. If a party so far appears as to call into action the powers of the court for any purpose, except to decide upon its own jurisdiction, it is a full appearance."

In this case the affidavit on which the application was made set forth several alleged defects, besides the jurisdictional one, without confining the ground of application to any one ; and it must be assumed that it was made upon all of them.     Upon the rule laid down in the cases we have cited— in which we fully concur—this cured all objections to jurisdiction over the person; and, as the application was too late to take advantage of the other objections, it ought not to have been granted.

Order reversed.