[No. 6,765.—In Bank.]

## ESTANISLAO HERNANDEZ *v.* HIS CREDITORS.

INSOLVENCY—NOTICE TO CREDITORS—PUBLICATION—JURISDICTION.—An affidavit in a proceeding in insolvency stating that the notice to creditors had been published "at least four consecutive weeks, beginning on the 31st of October, 1878, and ending on the 5th of December, 1878, both days inclusive," does not confer jurisdiction.

ID.—ID.—ID.—The words "at least once a week for four successive weeks" require, in effect, that there shall be four publications not more than seven days apart from each other.

CASE DISTINGUISHED.—*Ronkendorff* v. *Taylor*, 4 Peters, 349.

APPEAL from an order in the County Court of San Benito County.

*William Matthews*, for Appellant.

This record exhibits no sufficient affidavit. The proceeding is *in invitum*, and even when collaterally attacked, a compliance with all the substantial requirements of the act must be shown. (*McDonald* v. *Katz*, 31 Cal. 169.) The affidavit of the printer does not state how often the publication was made.

*Rosenbaum & Scheeline*, for Respondent.

A publication for four successive weeks implies, as a logical inference, at least one publication in each of said weeks.

Notice to creditors is not process like a summons. (*Brewster* v. *Ludekcns*, 19 Cal. 171.)

McKINSTRY, J.:

The affidavit of the printer is: "The attached notice to creditors was published in said newspaper at least four consecutive weeks, beginning on the 31st of October, 1878, and ending on the 5th of December, 1878, both days inclusive."

The statute provides:

"The Judge granting an order for a meeting of the creditors shall direct the Clerk of the Court to issue a notice calling the creditors of the insolvent to be and appear upon a specified day, not less than thirty nor more than forty days from the first publication of such notice, before said Judge, either in chambers or in open court, as said Judge shall order, to show cause why the prayer of the alleged insolvent should not be granted. Said no-

tice shall be published at least once a week, for four successive weeks, in a newspaper printed in the county in which the application is made, if there is one; if there be none so published, then a newspaper published in any county adjoining said county." (Section 8 of Act of 1852, as amended April 27th, 1863; Hittell's General Laws, p. 554.)

The proceeding is *in invitum*, and as the insolvency Court could acquire jurisdiction only after the notice had been published *at least* as often as *once a week*, for four successive weeks, the record should show a compliance with this material requirement by testimony which is unambiguous. The Court should have required proof that the exact publication had been made which the statute required. The words "at least" relate as well to the frequency of the publication as to the period during which it is to continue.

The statute evidently contemplates that each of the three last publications (of the four) shall occur with an interval of not more than *one week* between it and that which immediately precedes it. It does not provide that the publication shall be made at least once in four successive weeks, but—in effect—that there shall be four publications not more than seven days apart. If, therefore, the affidavit can be construed as stating that there was one publication during each of four successive weeks, it does not prove that the publication is such as is required by the statute. There may have been twelve or thirteen days between two of the publications, and, if so, the direction of the statute that the publication must be "at least once a week" has not been obeyed. The words "at least" were not employed in the Act of Congress construed in *Ronkendorff* v. *Taylor*, 4 Peters, 349, and even if we were inclined to follow the views there expressed by Mr. Justice McLean, a distinction may be drawn between the language of the Act of Congress considered in that case, and the language of the Act of the Legislature which we are called on to construe in the present.

Judgment reversed, and cause remanded for further proceedings.

SHARPSTEIN, J., McKEE, J., MYRICK, J., and ROSS, J., concurred.

THORNTON, J., dissented.