## JOHN S. FREAR *vs.* WILLIAM T. HEICHERT.

### July 24, 1885.

**Motion to vacate Judgment — Defective Service — General Appearance.**—The defendant obtained an order to show cause why a judgment should not be vacated, and for leave to answer, and served the same, together with a copy of his proposed answer, upon the plaintiff. *Held* a general appearance, and that the application was addressed to the discretion of the trial court.

**Same — Laches held Unexcused.**—The summons was not personally served, but it appearing that the defendant had actually received the summons, and retained an attorney to answer for him, at least eight days before the time for answering expired, and no excuse being shown for his subsequent delay, the order refusing his application was affirmed.

Appeal by defendant from an order of the municipal court of Minneapolis, denying his motion to vacate a judgment and for leave to answer.

*Chas. A. Ebert* and *John H. Long,* for appellant.

*W. S. Cilley,* for respondent.

VANDERBURGH, J. The proof of service of the summons shows that it was served by leaving it at the last usual place of abode of the defendant. The affidavit of the latter, on which the order to show cause, issued by the trial court, was based, denies that he resided at the place indicated in the affidavit of service, and proceeds further to state facts addressed to the discretion of the court as upon an application for leave to answer, and shows that the summons and complaint came into the hands of the defendant a few days after the alleged date of the service, and eight days, at least, before the time of answering expired, and 12 days before the entry of judgment; and also that he immediately left the same with his attorney, with directions to answer in the case; but it does not appear that any further steps were taken or diligence used to ascertain the actual date of the service, or to file an answer.

After the entry of judgment, defendant, by his counsel, upon his affidavit and proposed answer, procured of the court the order above

referred to, requiring the plaintiff to show cause "why said judgment should not be vacated, and defendant be allowed a reasonable time to answer the complaint," and thereupon the same was served upon the plaintiff, and the application heard and denied by the trial court.

By these proceedings the defendant appeared generally, and, waiving the defective service, which was not made the ground of his application for relief, appealed to the discretion of the court for leave to answer. This is the nature of the application, as fairly indicated by the terms of the order to show cause; and as no excuse was shown for the delay after the summons was actually received by defendant, it is not for this court to say that the application was not properly denied.

Order affirmed.