WILLIAM J. GODFREY *vs.* WILLIAM J. VALENTINE.

November 7, 1888.

**Judgment on Service by Publication—Effect of Proof of Service in Record—Presumptions.**—The record of judicial proceedings stating the manner in which the summons was served (by publication) against a non-resident defendant, who was personally beyond the jurisdiction of the court, it will not be presumed that other proof of service was made to the court than that shown in the record and recited in the judgment, nor that the court acquired jurisdiction, unless that is affirmatively shown.

**Same—Proof held Insufficient.**—*Ullman* v. *Lion*, 8 Minn. 338, (381,) and *Golcher* v. *Brisbin*, 20 Minn. 407, (453,) followed, to the effect that proof of publication for "six successive weeks" does not show the publication to have been made "once in each week" for the period named.

**Void Judgment not made Valid by Subsequent Appearance.**—*Curtis* v. *Jackson*, 23 Minn. 268, overruled upon the point that an appearance in court after the rendition of a judgment which is void for want of jurisdiction is effectual to render that judgment valid.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, denying his motion to set aside a judgment, (among other grounds for want of jurisdiction,) and for leave to answer.

*Berryhill & Davison*, for appellant.

*E. R. Holcombe* and *H. L. Williams*, for respondent.

DICKINSON, J. This is an appeal by the defendant from an order denying a motion to set aside a judgment entered against him in the district court, in August, 1883, the defendant never having appeared in the action. The motion raised the question of the jurisdiction of

the court. After proper proof of the non-residence of the defendant, and of want of knowledge as to his place of residence, the summons was published in the St. Paul Daily Globe, and, upon proof by affidavit of such publication, and of the defendant's default, the cause was brought to hearing and judgment. The asserted jurisdictional defect is that the summons was not published "once in each week" for six consecutive weeks, as prescribed by the statute. The affidavit of publication, embraced in the judgment-roll, states that the summons was published in the St. Paul Daily Globe "for the period of six successive weeks, commencing on the 23d day of June, 1883, on which day last mentioned it was first published, and ending on the 4th day of August, 1883, on which day last mentioned it was last published. * * *" This affidavit is referred to in the judgment itself as the proof of service upon which the court entertained jurisdiction. The statute provides that proof of service by publication shall be made by affidavit, (Gen. St. 1878, c. 66, § 68,) and (in case the judgment is upon default to answer) that proof of the service of the summons be incorporated in the judgment-roll. Id. § 275. It will not be presumed that there was other proof of service than that thus shown in the record, nor, in an action against a non-resident who is shown to have been personally beyond the jurisdiction of the court, will it be presumed, the question being directly presented, that the court acquired jurisdiction by substituted service, unless that is affirmatively shown. *Barber* v. *Morris*, 37 Minn. 194, (33 N. W. Rep. 559;) *Brown* v. *St. Paul & N. P. Ry. Co.*, 38 Minn. 506, (38 N. W. Rep. 698;) *Morey* v. *Morey*, 27 Minn. 265, (6 N. W. Rep. 783;) *Galpin* v. *Page*, 18 Wall. 350.

Following the decisions in *Ullman* v. *Lion*, 8 Minn. 338, (381,) and *Golcher* v. *Brisbin*, 20 Minn. 407, (453,) we must hold this affidavit of publication insufficient to show a publication "once in each week" for the prescribed period. This conclusion is also sustained by *Hernandez* v. *Creditors*, 57 Cal. 333.

The respondent relies in support of the judgment upon the rule declared in *Curtis* v. *Jackson*, 23 Minn. 268, to the effect that the appearance by a party, unless limited to mere jurisdictional questions, cures a want of jurisdiction as to a judgment previously rendered.

The propriety of that rule with respect to an appearance after judgment, and for the purpose of securing relief from the judgment, was doubted in *Kanne* v. *Minn. & St. Louis Ry. Co.*, 33 Minn. 419, 421, (23 N. W. Rep. 854.) The doctrine of *Curtis* v. *Jackson*, to the full extent expressed in that decision, cannot, we are satisfied, be sustained upon principle. Upon an application to set aside a judgment shown to have been absolutely void because the court had acquired no jurisdiction in the cause, an objection distinctly made upon that ground should not be deemed to have been at the same time waived from the fact that the moving party also urges in support of his application additional reasons not inconsistent with the alleged want of jurisdiction, nor because, by asking to be allowed to file an answer as in a pending cause, he indicates his present willingness to submit himself to the jurisdiction of the court, in order that, after a hearing upon the issues thus presented, the court may proceed to judgment. The course of the moving party in thus seeking to have a void judgment set aside,—to which relief he is entitled as a matter of right,— but at the same time consenting and asking that the court shall now hear and adjudicate upon the cause, may justify the court in entertaining the cause and proceeding as in an action pending in which the defendant has voluntarily appeared. But in thus urging his legal right, and thus invoking and consenting to the future action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment, which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void, and in legal effect a nullity. *Gray* v. *Hawes*, 8 Cal. 562; *Shaw* v. *Rowland*, 32 Kan. 154, (4 Pac. Rep. 146;) *Boals* v. *Shules*, 29 Iowa, 507; *Briggs* v. *Sneghan*, 45 Ind. 14; *State* v. *Cohen*, 13 S. C. 198; *Moore* v. *Watkins*, 1 Ark. 268.

Order reversed.