## LOUIS A. YORKE *vs.* EMMA M. YORKE.

Opinion filed May 31st, 1893.

**Citation to Show Cause—Service on Attorney.**

When a decree of court has been obtained, and an application to set the same aside is subsequently made in the same case, service of the citation to show cause why the decree should not be set aside is properly made upon the attorney of record who procured the decree.

**Affidavit for Publication of Summons—Diligence.**

An affidavit for publication of summons, which entirely fails to show that any diligence was used to find the defendant in this state, and fails to state positively the residence of such defendant, or that any diligence has been used to ascertain such residence, is fatally defective, and a publicatton of summons based upon such affidavit confers no jurisdiction of the person of defendant.

**Motion to Vacate Decree—Appearance—Waiver of Service.**

When a party who has not been properly served with process appears in a case, and asks to have a decree against him set aside for the reason that the court had no jurisdiction of his person, and for the further reason that such decree was procured by fraud and deceit, and was without evidence to support it, such appearance is general, and is a waiver of all defects in the service of process.

**General Appearance Will Not Validate Void Decree.**

But such general appearance will not validate a decree otherwise invalid by reason of fraud and deceit practiced in its procurement.

**Vacation of Decree—for Fraud or Deceit.**

Courts of general jurisdiction have the inherent power, independent of any statutory provisions,—and in divorce cases no less than in other cases,—to set aside and annul any judgment or decree procured by the fraud and deceit of the successful party, practiced upon the complaining-party to the action, and the court.

**Vacation of Decree—Rehearing.**

When a decree is thus annulled for fraud in its procurement, it is not proper for the court to go further, and dismiss the action with costs. The case should be retained, and defendant granted a reasonable time within which to plead to the complaint.

Appeal from District Court, Cass County; *McConnell,* J.

Action by Louis A. Yorke against Emma M. Yorke, for a divorce. Plaintiff had a decree, and from an order vacating the same, and dismissing the complaint, plaintiff appeals.

Modified and affirmed.

*M. A. Hildreth,* for appellant.

Service of papers upon a former attorney, but after the relation of attorney and client has ceased, is not proper service. *Beach* v. *Beach,* 6 Dak. 374. The affidavit for publication of summons was sufficient. *Kennedy* v. *Ins. Co.,* 101 N. Y. 487, 43 Hun. 629, 76 Cal. 646. The defendant having appeared and moved to vacate the judgment upon other grounds than want of jurisdiction, was a general appearance and cured all defects in prior proceedings. *Handy* v. *Ins. Co.* 37 Ohio St. 366; *Swift* v. *Lee,* 65 Ill. 336; *McBain* v. *People,* 50 Ill. 503; *Dunning* v. *Dunning,* 37 Ill. 306.

*L. A. Rose,* for respondent.

Motion papers to set aside a judgment of divorce granted by default are properly served on the attorney for the plaintiff in the judgment, although made after entry of judgment and after the attorney for the plaintiff has been paid off and discharged. *Miller* v. *Miller,* 37 How. Pr. 1; *Merriam* v. *Gordon,* 22 N. W. Rep. 563; *Beach* v. *Beach,* 43 N. W. Rep. 701; *Drury* v. *Russell,* 27 How. Pr. 130; *Lusk* v. *Hastings,* 1 Hill. 656. The court may vacate its judgment after term where it did not have jurisdiction to render judgment or where for any reason the judgment is void or where its rendition or entry was procured by fraud. *Edson* v. *Edson,* 108 Mass. 590; *Cottrell* v. *Cottrell,* 23 Pac. Rep. 531; *Caswell* v. *Caswell,* 11 N. E. Rep. 342; *Morton* v. *Morton,* 27 Pac. Rep. 718; *Wisdom* v. *Wisdom,* 39 N. W. Rep. 594; *Brown* v. *Grove,* 18 N. E. Rep. 387; *McBlane* v. *McBlane,* 20 Pac. Rep. 61; *Cross* v. *Cross,* 15 N. E. Rep. 333. Lapse of time will not effect the right to vacate a judgment void for want of jurisdiction. *Feikert* v. *Wilson,* 37 N. W. Rep. 585; *Vilas* v. *Pl. N. Y.* 25 N. E. Rep. 941; *Caswell* v. *Caswell,* 11 N. E. Rep. 342. One year limitation within which to vacate default does not apply to void judgments. *Peo.* v. *Greene,* 16 Pac. Rep. 197. Affidavit of merits is not necessary to set aside a decree of divorce obtained by fraud. *Cottrell* v. *Cottrell,* 23 Pac.

Rep. 531; *McBlane* v. *McBlane*, 20 Pac. Rep. 61; *Gay* v. *Grant*, 8 S.
E. Rep. 99; *Hanson* v. *Hanson*, 20 Pac. Rep. 736; *Wisdom* v. *Wis-
dom*, 39 N. W. Rep. 594; *Orth* v. *Orth*, 69 Mich. 158.   Appearance
and motion of defendant to vacate judgment does not cure prior
defects.   *Gay* v. *Hawes*, 8 Cal. 563; *Deidesheimer* v. *Brown*, 8 Cal.
340; *Toof* v. *Foley*, 54 N. W. Rep. 59.

BARTHOLOMEW, C. J.   This case comes to this court on an
appeal from an order entered by the District Court of Cass
County on the 23rd day of November, 1892, which vacated and
set aside a decree of divorce granted by said court in said action
on the 15th day of September, 1891, and dismissed the complaint
in said action, with costs.   On September 9th, 1892, on the peti-
tion of Emma M. Yorke, the defendant and the respondent herein,
an order was issued by the judge of said court, citing Louis A.
Yorke, the plaintiff and appellant herein, to show cause why such
decree should not be vacated.   This order was served on M. A.
Hildreth, Esq., who had acted as the attorney for plaintiff in pro-
curing such decree.   At the final hearing under such citation,
the order was entered from which the appeal is taken.   The
petition upon which the order was granted is exceedingly volu-
minous.   We state such of the ultimate facts, as alleged in the
petition, as we deem necessary for a proper understanding of our
rulings:   Some time in 1889, appellant instituted an action for
divorce against respondent in the District Court of Stutsman
County, charging her with dissertion.   To this action there was
an appearance and answer filed, and, the case being thus at issue,
the attorney for appellant wrote to the attorney for respondent,
who resided in Philadelphia, saying:   "Will advise you of
further proceedings in the case when the same are taken."   That
neither respondent nor her counsel ever received any notice of
any further proceedings in said case.   That on June 20th, 1890,
by order of said court, other counsel were substituted as attorneys
for appellant in said case, and on the same day such substituted
counsel procured an order dismissing said action without preju-
dice; and immediately thereafter this action was brought, in Cass

County, charging respondent with dissertion and adultery. That subsequently an order for publication of summons was procured in said case, and that the affidavit upon which such order was obtained was false, and known by appellant and his attorney to be false when made, in that it was stated therein that respondent's residence was at Philadelphia, Pa., when it was well known to them that her residence in summer, was at Sea Girt, N. J., and, in winter, at Bryn Mawr, in Montgomery County, Pa., and that she had no residence whatever at said City of Philadelphia; that the summons in this case was published in a weekly newspaper at Fargo, in said Cass County, but that no copies of the summons and complaint were ever mailed to her, at her place of residence, as the statute requires, but the same, if mailed at all, were sent to said City of Philadelphia, and that all this was done for the purpose of preventing respondent from gaining any knowledge of the pendency of this action. The answer filed by the respondent in the case brought in Stutsman County is made a part of the petition in this case. In that answer, respondent specifically charged appellant with deserting her and with long continued adulterous intercourse with one Lena de Zychlinski, and denied that he was a resident of this state. Respondent denies all desertion and all adultery on her part. She had no knowledge of the pendency of this action until after the decree was rendered, and until after October 22nd, 1891. That she then read in a newspaper published in New York City the announcement of the divorce of Louis A. Yorke from Emma M. Yorke, and his subsequent marriage to the Countess de Zychlinski. The evidence is also reviewed in the petition, and the claim made that it was insufficient to support the decree, and that it was false. The relief asked by the petitioner is as follows: "The defendant, Emma M. Yorke, therefore respectfully asks the court, upon the further consideration of the record, proceedings, and evidence in said cause, to open and set aside said judgment and annul said decree therein, and if said court cannot summarily open and set aside and annul said judgment and decree upon the irregularities,

imperfections, and insufficiency of said proceedings, that it will allow said defendant to come and defend the said action." The trial court, in making the order appealed from, also made some preliminary findings of fact, one of which, being a matter of which that court was bound to take notice, becomes important here. The fact that the action had once been brought in Stutsman County, and, after issue joined, had been dismissed by plaintiff without the knowledge of defendant, was in no manner brought to the attention of the trial court until respondent's petition was filed.

The attorney for the appellant, M. A. Hildreth, Esq., appeared specially to oppose the motion to set aside the decree, and claimed that the court had acquired no jurisdiction of appellant in the matter because the motion papers were served upon the attorney, instead of the party. He filed his affidavit, setting forth that service might have been made upon the party in the state, and that the relation of attorney and client no longer existed between himself and Louis A. Yorke. This point is practically ruled against appellant in *Beach* v. *Beach*, 6 Dak. 371, 43 N. W. Rep. 701. We indorse what is there said, and need not repeat it here. We may add, however; that, granting that the relation, powers, and duties of an attorney cease upon entry of final judgment, yet it is upon the ground that the judgment and decree, as entered in this case, were not final, that the application of respondent was made. This application was not by original action in the same or another court, but by motion in the very case in which the decree was entered. While the court could entertain a motion affecting the decree, it cannot, in any proper sense, be said that the decree was final. See, also, *Miller* v. *Miller,* 37 How. Pr. 1; *Merriam* v. *Gordon,* 17 Neb. 325, 22 N. W. Rep. 563. The notice to show cause was properly served upon the attorney of record in the case. It was alleged in the notice that the affidavit upon which the order of publication of summons was based was insufficient in form, as not showing what, if any, diligence had been used to find the defendant in this state. Under the authority of *Beach* v. *Beach, supra,* that would be true. Indeed,

we think the affidavit in this case much more vulnerable than in that. It not only entirely fails to show that any diligence whatever had been exercised to find defendant in this state, but fails to give any satisfactory information as to defendant's residence. It was made by the attorney, and states, on information and belief, that defendant's residence is at Philadelphia, Pa.; and the sources of information are stated to be statements made by plaintiff to the attorney, and the fact that certain papers which the attorney had never seen were sworn to by her in that city. This latter circumstance could have no probative force in the mind of a lawyer, and we are at a loss to understand why the plaintiff himself did not make the affidavit, instead of making statements to his attorney. He verified the complaint on the same day, before a notary public, in the same county, and presumably at the same place. True, these affidavits may properly be made by an attorney, but when the truth of the matter stated rests upon the unsworn statement of the client, and the client is present, good faith to the court requires that some reason be given why the client does not make the affidavit. We think the affidavit was insufficient in this case, and that the court was without jurisdiction of the defendant at the time the decree was granted.

But, when the respondent came into court with her motion to set aside the decree, she made no special appearance, nor did she attack the decree on the ground of want of jurisdiction only, but also upon the further grounds of fraud and deceit practiced upon herself and upon the court, and the insufficiency of the evidence to support the decree. The petition asked that the entire proceedings be set aside, or, if that could not be done, that she be allowed to come in and defend. This was a voluntary and unqualified submission to the jurisdiction of the court, generally, and, although made after judgment, was a waiver of all defects in the process. *Elliott* v. *Lawhead*, 43 Ohio St. 171, 1 N. E. Rep. 577; *Leake* v. *Gallogly*, (Neb.) 52 N. W. Rep. 824; *Grantier* v. *Rosecrance*, 27 Wis. 488; *Anderson* v. *Coburn*, Id. 558; *Insurance Co.* v. *Swineford*, 28 Wis. 257; *Carpentier* v. *Minturn*, 65 Barb. 293;

*McBane* v. *People*, 50 Ill. 503; *Curtis* v. *Jackson*, 23 Minn. 268; *Frear* v. *Heichert*, 34 Minn. 96, 24 N. W. Rep. 319. But what was the effect of this general appearance, made subsequent to the entry of the decree? In, *Anderson* v. *Coburn*, *supra*, it was held that, as to the immediate parties to the action, such appearance validated a judgment that was theretofore absolutely void for want of jurisdiction. Such was also the holding in *Grantier* v. *Rosecrance*, *supra*, and in *Alderson* v. *White*, 32 Wis. 308; *Burdette* v. *Corgan*, 26 Kan. 102; *Fee* v. *Iron Co.*, 13 Ohio St. 563; and *Curtis* v. *Jackson*, 23 Minn. 268. But this last case was expressly overruled, as to that point, in *Godfrey* v. *Valentine*, 39 Minn. 336, 40 N. W. Rep. 163. It may not be imperatively necessary for us to pass upon the point, but we cannot forbear saying that we think the case in 39 Minn. 336, 40 N. W. Rep. 163, rests upon much the better foundation in principle. We can well understand that where a defendant against whom judgment has passed, but who was in no manner served with process, comes into court, and asks to have that judgment set aside by reason of such want of service, and also for other alleged irregularities connected therewith, by asking the court to investigate such other irregularities he submits himself to the jurisdiction of the court, and can no longer be heard to say that the court has no jurisdiction of his person. We can understand, also, that if, upon investigation, the court finds that such irregularities do not exist, and refuses to set aside the judgment, the defendant is forever bound by such rulings, unless reversed in a higher court. But we do not understand upon what principle it is held that the mention of such other irregularities in connection with the want of jurisdiction should forever preclude any investigations into the existence of such irregularities. A defendant who has not been served with process may have the judgment against him set aside for that cause. If plaintiff desires to proceed further he must then bring the defendant into court by proper service, and, when so in court, defendant may demur to the complaint, or defend, as he sees proper. But if, when he asks to have the judgment set aside, he goes one step

further, and says to the court: "Notwithstanding the fact that I was never served with process, yet I'now aver that plaintiff states no cause of action against me in his complaint, and I ask to have the judgment set aside for that reason also," by what legal necessity or propriety can it be said that he thereby shuts his own mouth, forecloses the question, and forever makes the complaint good, as against himself. We doubt if such a result should follow a voluntary appearance under such circumstances. But, however the law may be as touching mere irregularities, we are confident that no subsequent voluntary appearance can cure or condone fraud, such as appears upon the record before us. A court record, based upon a legal fraud, may demand obedience while it stands, but it is idle to talk of the sancity of such a record. Whatsoever is tainted with fraud—a court record no less than a contract—must fall before the clear evidence of the fraud by which it was established. This principle can never be departed from without making the law the instrument for the perpetration of injustice, oppression, and crime. This is familiar law. But see Black, Judg. § 321, and cases cited.

It is contended, however that decrees in actions for divorce form a clear exception to the general rule; that in this class of cases, reasons of public polity, the interests of the state, as well the irreparable wrong that may be done to innocent third parties in cases of remarriage, alike demand that divorce decrees should not be subject to attack in this manner. It is freely conceded that courts have sometimes so held. Perhaps the strongest case in the books is *Parish* v. *Parish*, 9 Ohio St. 534. That case did not arise on motion to vacate, but under the old practice of bill in equity filed at a subsequent term. There was a demurrer to the bill, and the court said: "For the honor of human nature, it is to be hoped that the facts alleged in the petition in regard to the procuration of the decree are not true in fact, though, for the purpose of the demurrer, they are to be taken as admitted. Indeed if a case could be supposed in which a decree a vinculo, by a court having jurisdiction over person and subject matter,

could be vacated at a subsequent term by reason of its fraudulent procurement, it would seem that such a case is presented in the bill under consideration." But after a not very thorough review of the authorities the court concludes: "We therefore feel compelled, though reluctantly, to hold that sound public policy, in this class of cases, forbids us from setting aside a decree of divorce a vinculo, though obtained by fraud and false testimony, on an original bill at a subsequent term." See, also, *McJunkin* v. *McJunkin*, 3 Ind. 30; *O'Connell* v. *O'Connell*, 10 Neb. 390, 6 N. W. Rep. 467; *Lewis* v. *Lewis*, 15 Kan. 184; *Greene* v. *Greene*, 2 Gray 361. An examination of these cases will disclose that in almost every instance the decision was more or less influenced by sympathy of the judges for innocent third persons, who, on the strength of the decree, had intermarried with the divorced party, and for the helpless issue of such marriage. They were unwilling "to expunge a sentence of divorce with a stroke of the pen, bastardize after-begotten children, involve an innocent third person in legal guilt, and destroy rights acquired in reliance on a judicial act which was operative at the time." Fortunately for us, as this record stands, our sympathies are not thus wrought upon; and, as a purely legal question, the overwhelming weight of authority is the other way. *Holmes* v. *Holmes*, 63 Me. 420; *Adams* v. *Adams*, 51 N. H. 388; *Edson* v. *Edson*, 108 Mass. 590; *Whitcomb* v. *Whitcomb*, 46 Iowa, 437; *Rush* v. *Rush*, Id. 649; *Olmstead* v. *Olmstead*, 41 Minn. 297, 43 N. W. Rep. 67; *Allen* v. *Maclellan*, 12 Pa. St. 328; *Mansfield* v. *Mansfield*, 26 Mo. 163; *Johnson* v. *Coleman*, 23 Wis. 452. These cases establish beyond dispute the principle that—not less in divorce cases than in any other class of cases— courts of general jurisdiction possess, ex-necessitate, the power to emancipate themselves from the effects of a deceit practiced upon them, and to expunge from their records that which has been spread thereon only through fraud and deception. In no case "shall fraud be skillful enough to impose a sham upon a court of justice, to the injury of innocent parties, without any adequate remedy or reparation therefor."

When we apply these principles to the case before us, there is not the least doubt that the action of the court in setting aside the decree was entirely correct; and in so declaring we do not intend to hold that the fact that the trial court found the appellant to be a resident of this state upon insufficient or false testimony would constitute legal fraud. Nor do we hold that the fact, if such it be, that the original decree was based entirely upon false or prejured evidence could be urged as a ground for annulling that decree. If the truth or falsity of the testimony upon which a judgment is based could be opened to subsequent inquiry, there would be no end of litigation. That matter must be regulated by the conscience of the witness, and the bar of the criminal court. 2 Bish. Mar. & Div. § 1571, and cases cited. But the fraud in this case is of a more palpable character. The plaintiff brought his action in Stutsman County. Process was properly served. Defendant appeared by her attorney, and filed an answer in the case. If the allegations in that answer were true, they formed an insuperable barrier to any decree in plaintiff's favor. With the case thus at issue, plaintiff's attorney stated, in writing, to the attorney for defendant, that he should have notice of any further proceedings in the case. While defendant was thus lulled into security, plaintiff permitted his attorney, in direct defiance of the above understanding, and without any notice whatever to defendant or her attorney, to procure an order substituting another attorney in his stead, and permitted such substituted attorney to procure an order dismissing said action, and on the same day commenced an action in another jurisdiction.—i. e. in another Judicial District,—using, it would seem, special precautions to prevent defendant from obtaining any actual notice of its pendency. This conduct, under the circumstances, was a gross fraud upon defendant's rights. In all the subsequent proceedings that led up to the decree, the court was in no manner informed of any of the prior proceedings in the case in Stutsman County. It cannot be doubted that, had the court received any knowledge of such facts, no further step would have been permitted in

the case until the promise made by the former counsel was fully redeemed. Nor can it be doubted that plaintiff well knew that to be a fact. The suppression of those facts was a willful fraud upon the court. *Borden* v. *Fitch*, 8 Am. Dec. 230; *Vicher* v. *Vitcher*, 12 Barb. 640. By means of the frauds thus practiced the respondent, presumably an innocent woman, was branded as an adulteress by the solemn records of a court. That record cannot stand. It is proper as a matter of practice, to say that this application is not made under § 4939, Comp. Laws, giving relief in certain cases of mistake, inadvertence, etc. That section is not applicable to this case. Nor is it made under § 4900. That section gives a defendant served by publication only, and having no actual knowledge of the pendency of the action, the absolute right, on good cause shown, to come in, within the specified time, and defend the action, but divorce cases are expressly excepted from its operation. This application is entertained under that underlying and indestructible right to attack a judgment that is rendered without jurisdiction, or obtained through fraud upon the injured party and the court. But while the action of the court, in setting aside the decree, was proper, we think the court went a step too far, in dismissing the complaint and entering judgment for costs. After all the record that was based upon the fraud was stricken out, there yet remained a complaint to which defendant had entered a voluntary appearance. Justice to all parties requires that the searching light of truth be turned upon this case. The District Court of Cass County is directed to so modify the order appealed from as to set aside the decree of divorce, and allow the defendant 30 days from the entry of such modified order in which to plead to the complaint, if she so elect; respondent to recover costs in this court.

Modified and affirmed. All concur.

CORLISS, J. I refrain from expressing any opinion whether the appearance validates the decree, so far as jurisdiction was concerned, or whether it conferred jurisdiction only from the date of the appearance.