MOORE.
vs.
WATKINS,
& OTHERS.

WILLIAM MOORE *against* W. W. WATKINS, AND OTHERS.

ERROR *to Crawford Circuit Court.*

It is error to enter judgment by default, without service of process. And such error is not cured by the defendant filing pleas after entry of judgment by default, without obtaining leave to do so, or applying to the court to set aside the judgment.

Assumpsit, by defendants in error against plaintiff in error. Writ issued January 26, 1837, returnable to June term, 1837, and served February 8, 1838. Return signed D. W. Bunch, Dep'y Sh'ff, for Jesse Miller, Sh'ff C. C. Ark. State." Judgment by default at June term, 1837, and writ of enquiry to next term, which was executed, and final judgment rendered, January 27, 1838. On the 24th January, 1838, the defendants filed three pleas, which were undisposed of.

TAYLOR, for plaintiff in error, presented the following points:.

1. The judgment by default was premature and irregular, unless the three days allowed for pleading had elapsed. *Camp. Dig.* 320.

2. Every return of the sheriff to a writ must be in the name of the principal sheriff, either by himself or deputy; but it cannot be in the name of the deputy sheriff, by any other as his proxy, whether that proxy be the high sheriff or any other person.

3. This is a matter not cured by the statute of Jeofails.

4. The caption of the declaration and mandatory part of the writ and declaration are defective.

5. Pleas appear on the record to have been undisposed of at the term the verdict and judgment were rendered.

RINGO, *Chief Justice*, delivered the opinion of the court:

An action of assumpsit was brought by the present defendants against the plaintiff in the Circuit Court of Crawford County. The declaration appears to have been filed, and the writ thereupon issued on the 26th day of January, 1837, returnable to the June term of said court in the year 1837, but was not executed until the 8th day of February, 1838. Judgment by default was entered at the June term, 1837, and a writ of enquiry awarded, returnable to the next term, which appears to have been executed, and final judgment thereupon rendered, on the 27th day of January, 1838.

On the 24th day of January, 1838, an entry was made of record

in the case, in these words; "This day came the defendant by his attorney, and filed his pleas of non-assumpsit, judgment, and the statute of limitations," which pleas are all copied in the transcript of the record, certified to this court upon the writ of error prosecuted by the present plaintiff to reverse said judgment.

Several errors have been assigned, which the court deems it unnecessary to notice. The judgment by default having been entered without any service of process on the defendants below, before he had entered an appearance to the action, was wholly illegal, and the pleas by him subsequently filed, as they appear by the record, to have been filed after the judgment by default was taken, without leave, or any application to the court to set aside the judgment, were entirely irregular, and cannot be regarded as a defence to the action, or as affecting the case in any respect whatever.

The court, therefore, manifestly erred in rendering judgment by default, and awarding a writ of enquiry thereupon, and also in giving the final judgment for the plaintiff below, for the damages assessed upon the writ of enquiry, without any service of process upon, or valid appearance having been entered by the defendants below, and for this error the judgment of the Circuit Court of Crawford County, must be reversed, annulled, and set aside, and the cause remanded to said Circuit Court for further proceedings to be there had therein, according to law. And in conformity with the rule established by this court, in the case of *Gilbreath* against *Kuykendall*, the case upon the return thereof to the Circuit Court, must be proceeded in as if the defendants below were duly served with a regular process returnable thereto more than thirty days before the term of said Circuit Court to which the case shall be so returned.