Mr. Chief Justice Johnson delivered the opinion ofthe Court. The question to be determined is whether the defendant by leaving the premises before the arrival of the sheriff exonerated himself from responsibility: The plaintiff showed a legal demand, and also competent evidence to establish his right to the possession; and in case the defendant did not exonerate himself by vacating the premises before he was actually ousted by the sheriff, there can be no doubt but that he was guilty of an unlawful detainer. Possession was demanded on the 6th of December, 1848. the declaration was filed on the 1st of January, 1849, and the writ was issued the 2d of January, 1849. The statute provides that if any person shall lawfully and peaceably obtain possession, but shall hold the same unlawfully and, by force and after demand made in writing for the delivery of possession thereof by the person having a right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer. True it is that the party, who served the notice to quit, has not informed us whether the defendant actually refused to comply with the demand or not, yet it is manifest from the proof that he failed to leave the premises for nearly the space of a month after the service of the notice upon him. It is not material whether the defendant positively refused to quit or not, since the proof is clear that he failed to do so for a considerable time and that too without any effort on his part to render an excuse. If his failure to quit immediately upon demand was the result of circumstances over which he had no control, or caused by any consideration which would have been a sufficient excuse in law, it most clearly devolved upon him to showit in his defence. In the absence of such showing the law presumes his contiuance in the possession to be a wilful disregard of the plaintiff’s legal rights and consequently unlawful and forcible. See Fowler’s ad. vs. Knight, 5 Eng. 49. It is admitted that one of the witnesses testified that the defendant had been making preparations to remove for about three weeks before he did so remove, yet he wholly failed to state the circumstances which would have justified such delay. If a party in possession should flatly refuse to quit the premises, there can be no doubt but that the plaintiff’s cause of action would be full and complete; but if, on the contrary, he should express a willingness to quit, but should at the same time, urge the existence of such circumstances as would render it either impracticable or greatly injurious to his interests, the law would doubtless allow him a reasonable time. (See Fears vs. Merrill, 4 Eng. 562.) It is a matter of no sort of moment whether the sheriff found the defendant upon the premises or not, provided he had been guilty of such delay in getting away as had already given the plaintiff a cause of action. After a cause of action has been once established, no subsequent act of the defendant can destroy it. We are clear, therefore, that the verdict in this case is not sustained either by the law or the evidence. There is no complaint as to the correctness of the instruction of the court, but it is objected that the jury did not follow it. This is no good ground of objection. See Britt vs. Aylett, decided at the present term. We are clear that the judgment of the court below is erroneous and consequently ought to be reversed. The judgment of the circuit court of Ouachita county herein rendered is therefore reversed and the cause remanded with instructions to be proceeded in, according to law and not inconsistent with the opinion herein delivered.