Lawrence vs. Meyer.

3. Vendor's
Lien: Not
waived by
taking se-
curity for
purchase-
money un-
less so in-
tended.

---

## LAWRENCE VS. MEYER.

1. PLEADING AND PRACTICE: *Plea of nil debet a nullity: Judgment on.*
   An answer which is merely a formal plea of *nil debet*, or nothing more than that the defendant does not owe the debt, is but a conclusion of law. It must deny or state facts, and where it does neither, it is a nullity, and judgment will be by default.

2. APPEALS FROM JUSTICES OF THE PEACE: *On judgment by default for insufficient answer.*
   Before an appeal can be taken from a default judgment of a justice of the peace on an answer which is a nullity, a motion to set aside the judgment must be made and overruled in the justice's court.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Harrell*, for appellant.

*Rose*, contra.

HARRISON, J.  Leo Meyer sued G. W. Lawrence before a justice of the peace on an account for $192.80.

The summons was returnable on the eleventh day of

February, 1878, and was duly served; and, as appears from what seems to be a transcript of the entries on the justice's docket, but which was not certified by him as such, the case was, on that day, continued until the twenty-first, when, the defendant not appearing, the justice, after waiting three hours, proceeded to hear the allegations and proofs of the plaintiff, and rendered judgment for the plaintiff for the sum claimed.

An affidavit for an appeal made before another justice, and an appeal bond, were filed on the twenty-second, but no mention of them was made in the docket, and no application to set the judgment aside appears to have been made; nor appeal granted or prayed for.

An answer—a mere formal plea of *nil debet*—is found among the papers as filed on the nineteenth of February, but no entry in respect to it appears to have been made by the justice in his docket. The papers mentioned were filed with the clerk of the circuit court on the twentieth day of April, 1878.

In the circuit court the plaintiff moved for a dismissal of the case, because no application had been made to set aside the judgment by default, and no appeal had been taken from it, and because there was no case before the court, or of which it had jurisdiction. Before the motion was heard a rule was made upon the justice, at the instance of the' defendant, to amend the transcript, as to what defects, does not appear, but no amendment nor any response to the rule was made; and the court dismissed the case for want of jurisdiction.

The defendant appealed to this court.

The appellant insists that, having filed an answer, the judgment was not by default, and no application to set it aside before appealing was necessary.

Lawrence vs. Meyer.

1 PLEADING: An answer which is merely the formal plea of *nil debet*, Plea of *nil debet* a nullity. Judgment on. or nothing more than that the defendant does not owe the debt, is but a conclusion of law, and the Code requires that the answer shall deny or state facts, and where it does neither, it is a nullity. *Newm. Plead. and Prac.*, *510; Gwynn v. McCauley*, *32 Ark.*, *97; Clark v. Finnell*, *16 B. Mon.*, *329; Francis v. Francis*, *18 B. Mon.*, *57.*

And where the answer is a mere nullity, the judgment is by default. *1 Tidd.*, *562.*

The statute requires that an application shall have been made to the justice to set aside the judgment, and been refused, before an appeal shall be granted from a judgment by default. *Gantt's Digest, sec. 3820; Page v. Sutton, Orlopp & Co.*, *29 Ark.*, *304.*

The paper appearing to be a transcript from the justice's docket afforded no evidence of the matters stated in it; but if an application to set aside the judgment was made, and refused, and appeal was taken, the justice might have been required to certify a full and perfect transcript from his docket of the proceedings in the case.

A response by the justice to the rule upon him might have been compelled by proper steps by the appellant, but as they were not taken, we must presume it was waived and abandoned by him. *Parker v. Calvert & Thompson*, *16 Ark.*, *485.*

The circuit court had no jurisdiction of the case, and it was properly dismissed.

The judgment is affirmed.