## VISART V. BUSH.

1. ATTACHMENT: *Sale of attached land. Filing bond before sale. Proof of attorney's authority to appear.*
   In an attachment suit before a justice of the peace against a non-resident, served by warning order, an attorney *ad litem* was appointed by the justice for the defendant, who filed an answer and made defense for him, but judgment was rendered for the plaintiff and the land attached was sold, and the purchaser brought ejectment against, the occupant and recovered, and the occupant appealed to the Supreme Court, where it was held that the recital in the justice's record of the attorney's appearance and defense had reference to his authority under the appointment, and did not show jurisdiction of the defendant's person, and that the sale was void for the failure of the plaintiff to file before the sale, the bond required in such cases against defendants only constructively summoned. At the trial, after the appeal, the circuit court refused to allow evidence to prove that the attorney had also been employed by the defendant. *Held*, error: The offered proof did not contradict the justice's record, and the attorney's authority was proveable by parol evidence, and the evidence was material in showing that the justice had jurisdiction of the defendant's person by the appearance through his authorized attorney, and the bond was therefore not necessary to authorize the sale.

APPEAL from *Arkansas* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*T. B. Martin and James A. Gibson*, for appellant.

The agreed statement of facts showed that Freeman & Johnson were retained by Bush to defend the suit, and

they appeared and defended for him as his attorneys, and not as attorneys *ad litem*. The answer was an entering of the appearance of Bush by authority, and no bond was required before the sale. *40 Ark., 130*. The evidence was clearly admissible.

*W. H. Halliburton*, for appellee.

*First*—No bond was given as required by *sec. 5190, Mansfield's Digest*, and no exception is made by *sec. 4126, ib.*

*Second*—The testimony *aliunde* was not admissible to contradict the recitals of the record that Bush was *constructively* summoned, and that Freeman & Johnson were appointed attorneys *ad litem* and appeared *in that capacity*.

Justices' entries are *quasi* records and are evidence in the courts. *35 Ark., 95; 33 ib., 475*. The judgment in the attachment proceeding is a record, and cannot be impeached or contradicted by oral testimony.

Appellant is estopped by the record. *24 Howard (U. S.), 343; 18 Ark., 332–3; 19 ib., 420; 33 ib., 489*.

COCKRILL, C. J. This is a continuation of the case reported in *40 Ark., 124*. As will be seen from the statement of the case then made, it is an action of ejectment, the plaintiff's title being based upon a purchase made in pursuance of a sale of the land in controversy in an attachment proceeding instituted before a justice of the peace. The attachment was sued out against Bush, as a non-resident, upon constructive service only. The justice's record recited that Freeman & Johnson were appointed attorneys *ad litem* for the defendant, and that they accepted the appointment; it afterwards recites that they appeared as the attorneys of the defendant and filed an answer and made defense for him, which was in part successful. Upon

the former appeal this court ruled that, in the absence of a showing to the contrary, the authority of the attorneys to appear in the case must be referred to the appointment by the justice, and as they could not, by virtue of such appointment, enter the appearance of the defendant so as to give the court juristiction of his person, the case was treated as a proceeding against a defendant summoned by constructive service only, and. reversed the judgment (which was then in favor of plaintiff below) because no bond had been filed by him before the sale of the land as in such cases is required.

On the trial, after the appeal, the plaintiff offered to show by parol testimony that Freeman & Johnson had been retained by Bush after their appointment by the justice, and were authorized to answer and defend for him as they had done. The court excluded the evidence, and treating the attachment proceeding as this court had done, gave judgment for the defendant.

The evidence offered tended to explain and make certain what is not apparent from the justice's docket. It was a presumption of fact only, raised by a prior recital of the record, that the attorneys appeared by virtue of the appointment by the justice. The question of the capacity in which the attorneys appeared was not at issue before the justice, and was not adjudicated by him. When the attorneys appear for the purpose of filing an answer, they are described as the defendant's attorneys without qualification. Evidence that they were in fact his attorneys did not contradict the record (*Freeman on Judgments, secs. 274-5*), and we think it is indicated in the former opinion that it would be competent to show by parol the capacity in which they acted. Justice's records are not required to be strictly formal and great latitude is indulged in permitting the facts upon which jurisdiction is

based to be shown. Their affirmative recitals of jurisdiction are only *prima facie* evidence at best. *Jones v. Terry, 43 Ark., 230; Easton v. Bratton, 13 Tex., 30.*

In *Jolly v. Foltz, 31 Cal., 321,* under circumstances similar to those here presented, evidence *aliunde* the record was held competent to show that the justice had jurisdiction of the person of a defendant in an attachment proceeding, the record not disclosing the fact. *Vandeutzen v. Sweet, 51 N. Y., 381.*

It was determined on the former appeal that the bond referred to in *section 4126, Mansf. Digest,* is the bond required by *section 5190.* Now, the latter bond is required only when the proceeding is against a defendant constructively summoned. It follows that if the justice had jurisdiction of the person of Bush, the bond was not required. It was error, therefore, to exclude the testimony offered to establish that fact.

Reverse and remand for new trial.