GATES *v.* HAYES.

Opinion delivered July 13, 1901.

1. CERTIORARI—OTHER ADEQUATE REMEDY.—A judgment enforcing an attachment of land, based upon constructive service, will not be quashed on certiorari because the sheriff's return on the attachment was defective, if the judgment-defendant had an adequate remedy under Sand. & H. Dig., § 5882, allowing parties against whom judgment is rendered on constructive service two years in which to come into the same court and move to have the action retried. (Page 519.)

2. SAME—ALLEGATION OF DEFENSE.—A petition for a writ of certiorari to review a judgment rendered on a note and account should be denied when it alleged no valid defense thereto. (Page 519.)

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

On petition of W. L. Hayes the circuit court quashed a judgment obtained against him by Ferdinand Gates in the court of common pleas. Gates has appealed. The case is stated by the court as follows:

This appeal is from a judgment setting aside a judgment of the court of common pleas. The proceeding in the circuit court

was by writ of certiorari. The petition for the writ showed that a judgment was rendered against petitioner in the court of common pleas on a note and open account, amounting to $68.38; that the petitioner was a nonresident, and that service was had upon him by warning order; that a writ of attachment was issued, and pretended to be levied upon his lands, but in fact was not levied at all; that personal judgment was rendered against him, which was without jurisdiction, and a judgment condemning and ordering for sale his land, which was also *coram non judice,* and was void, because the return of the sheriff did not show that the land was properly levied upon, etc. The judgment of the court of common pleas was rendered on the 6th day of December, 1897, and the application for the writ of certiorari was made on the 6th of December, 1898.

*J. E. Gatewood,* for appellant.

The return of the sheriff was sufficient. 12 Ky. 395; 63 Ky. 481; 72 Ky. 113; 2 B. Mon. 253; 68 N. Y. 528; 56 N. Y. 385; Murf. Sher. 865; 62 Miss. 184; 60 Miss. 234; 59 Miss. 358; 17 Atl. 1079; 92 N. Car. 292; 94 N. Car. 497; Drake, Attach. § 205; 10 L. R. A. 504. Appellee was guilty of such laches as to deprive him of the benefits of certiorari. 54 Ark. 372; 52 Ark. 213.

*Trimble & Robinson,* for appellee.

The court had no jurisdiction. The return of the sheriff was sufficient. 3 Am. & Eng. Pl. & Pr. 62, 63, 64; 15 Ill. 266; 5 Ark. 422; 3 Ark. 509; 50 Miss. 489; 43 Cal. 577; 3 B. Mon. 579; 28 N. J. L. 149; 43 Miss. 225; 1 Am. & Eng. Enc. Law, 921. The judgment is void because it is a personal judgment, on constructive service. Sand. & H. Dig., § 5887; 54 Ark. 137; 21 Ark. 364; 47 Ark. 131; 52 Ark. 87.

WOOD, J., (after stating the facts). Our statute allows parties against whom judgment is rendered on constructive service two years in which to come into the same court and move to have the action retried. Sand. & H. Dig., § 5882. It is clear, under this statute, that appellee (petitioner) had an adequate remedy to correct the errors of which he here complains by moving the court to retry the cause, and, on refusal, to appeal. He gives no valid excuse for not pursuing this course.

Moreover, the aid of the writ should never be granted except to do substantial justice. *Burgett* v. *Apperson,* 52 Ark. 213. Although not strictly applicable to proceedings by certiorari, sec-

tion 4200, Sand. H. Dig., shows the policy of the law to be not to vacate judgments unless there is some defense to the action in which the judgment was rendered. This is the principle applicable here, independent of the statute. Counsel assert in their brief that the "defendant insists that he does not owe F. Gates one cent." If that be true, he should have set it up in his petition. Unfortunately for him, his petition alleges that the suit was on a note and open account, and he does not charge anywhere that the note was not given, or that it was not due, or that it had been paid. Nor does he say that the account was unjust, or that it had been paid; nothing, in fact, to show that his lands should not have been subjected to the payment of his debt.

We think, upon the showing made in the petition, the circuit court should have quashed the writ, and dismissed the petition, in so far as it affected a sale of the lands to pay petitioner's debt. Reversed and remanded, with directions to enter judgment accordingly.

BATTLE, J., (concurring). The writ of certiorari is not a writ of right, but it lies in the sound judicial discretion of the court to grant it, as justice may require.

In the case before us, the judgment *in personam* which the petitioner seeks to set aside was rendered upon constructive service, and is void; the defendant not having appeared in the action. The judgment sustaining the attachment and ordering the land levied upon sold is alleged by the petitioner to be void, obviously for the reason that the return of the sheriff, upon which it was in part based, was defective. The return indorsed upon the order of attachment is as follows: "This came to my hands at 3 o'clock p. m., September 30, 1897. W. A. Holcomb, sheriff. I have this, the 7th day of July, 1897, duly served the within by levying upon the following described land, to-wit, northwest quarter of section 27, township 4 north, range 8 west. Said party is a non-resident, living in Texas. W. A. Holcomb, sheriff, by J. H. Bryant, deputy sheriff." The return shows that the land was levied upon, but does not state in what manner. It is true that petitioner avers that there "was, in point of fact and law, no levy at all." But this was clearly a conclusion of law as to the sufficiency of the return. The allegation follows after a statement of what was done, and is clearly based upon the facts stated before the averment.

He does not deny that there was any seizure, and, if there was, does not show how it was made, or allege that the return of the sheriff was false. The petition, in this respect, to say the least of it, is uncertain, deficient, and unsatisfactory. It is also wholly deficient because it wholly fails to show that the alleged debt upon which the judgment was based did not exist, was illegal, unjust, paid, discharged, or barred by the statute of limitations, or that he had any defense against it, or that the petitioner was without adequate remedy. It is wholly insufficient to call forth the exercise of the sound judicial discretion of any court in the granting of the writ of certiorari as to the judgment against the land attached, and in this respect is not aided by the record or evidence. I therefore concur in the judgment of the court.