## HOLLIS v. HOGAN.

### Opinion delivered December 4, 1916.

1. CERTIORARI—PURPOSE OF WRIT—WHEN DENIED.—The aid of the writ should never be granted except to do substantial justice, and a petition for a writ of *certiorari* to review a judgment rendered on a note and account should be denied when it alleged no valid defense thereto.

2. CERTIORARI—REVIEW OF JUDGMENT ON ACCOUNT AND NOTE—STATEMENT OF DEFENSE.—In a petition for a writ of *certiorari* to review a judgment rendered on a note and account it is necessary for the petitioner to set out the valid defense which he claims to the action, and a mere general statement that he has such a defense will be insufficient.

Appeal from Baxter Circuit Court; *J. B. Baker*, Judge; affirmed.

*Allyn Smith*, for appellant.

1. A judgment without notice is void. Kirby's Digest, § 4224; 3 Ark. 532; 5 *Id.* 424; 2 *Id.* 149; 20 *Id.* 12; 34 *Id.* 529. Want of service, or notice may be shown by parol evidence. 33 Ark. 778; 50 *Id.* 458.

A personal judgment can not be rendered on constructive service. 54 Ark. 137; 42 *Id.* 268. A meritorious defense is not necessary when an attack is made to quash by certiorari. 50 Ark. 458; 52 *Id.* 80.

2. The judgment here is absolutely void. 66 Ark. 282-5; 25 *Id.* 60; 40 *Id.* 124; 50 *Id.* 433. The suit was brought in a township other than defendant's residence. The warning order was insufficient and no attorney *ad litem* was appointed. 39 Ark. 348.

3. Certiorari was the proper remedy. 28 Ark. 87; 44 *Id.* 509; 39 *Id.* 347; 29 *Id.* 173; 80 *Id.* 200; 52 *Id.* 213; 57 *Id.* 287; 50 *Id.* 34, etc.

4. The motion to vacate was not an appearance nor waiver of service. 39 Ark. 348.

*Z. M. Horton*, for appellee.

*Dyer & Alley*, of counsel.

1. Certiorari does not lie when there is any other remedy. Defendant should have appealed. 69 Ark. 518; 73 *Id.* 606, etc. No meritorious defense was shown. 69 Ark. 518; 35 *Id.* 104; 37 *Id.* 602.

2. It is only where judgments are without notice either *actual* or *constructive*, that they are void. Kirby's Digest, § 4424. Here he appeared in court and had notice. He is precluded by the judgment on his motion. 57 Ark. 500-3; 75 *Id.* 507; 77 *Id.* 382.

3. He acquiesced and failed to appeal. The judgment is *res judicata.* 33 Ark. 485; 44 *Id.* 483; 45 *Id.* 373.

HART, J. Ben Hollis filed a petition in the circuit court for a writ of certiorari to quash a judgment obtained against him by W. M. Hogan before a justice of the peace in Union Township in Baxter County, Arkansas. The circuit court dismissed his petition and Hollis has appealed.

The case, as stated in his petition is substantially as follows:

On the 15th day of May, 1915, W. M. Hogan filed an account against B. W. Hollis before a justice of the peace in Union Township in Baxter County, Arkansas.

The account was for merchandise sold by Hogan to Hillis, and was duly verified. The account contained a list of the goods and the prices thereof and the days on which they were sold, together with the credits allowed and the balance due. The affidavit stated that the account was correct and that after all just credits had been placed thereon the sum of $32.49 was due Hogan. A warning order was thereupon issued by the justice of the peace and published in a newspaper of the county, warning the defendant to appear on the 22d day of June, 1915. On that day the justice of the peace rendered a personal judgment against Hollis in favor of Hogan for the sum of $32.39. No writ of attachment was asked or issued by the justice. On the 31st day of July, 1915, an execution was issued and certain personal property belonging to Hollis was seized under it and sold in satisfaction of the debt. The execution was then returned satisfied. Hollis filed his petition for a writ of certiorari on August 23, 1915. In his petition he says that he is now, and has been for more than five years past, a resident and citizen of Baxter County, Arkansas; that the judgment above recited was obtained against him while he was temporarily absent from home; that he had been absent from home about sixty days and that while he was absent, the judgment in question was rendered against him and that he did not know of that fact until the first day of August, 1915, when it was too late to appeal. His petition also contains the following: "And this plaintiff has a just and meritorious defense to said unjust, trumped up and fraudulent claim of said W. M. Hogan, on which said judgment was rendered, in that he was not indebted to said W. M. Hogan as set forth in the account filed by said W. M. Hogan in said case."

The circuit court was right in quashing the writ of certiorari and dismissing the petition of Hollis.

This case is ruled by *Gates* v. *Hayes*, 69 Ark. 518, where the court said that the aid of the writ should never be granted except to do substantial justice, and that a petition for a writ of certiorari to review a judg-

ment rendered on a note and account should be denied when it alleged no valid defense thereto. It will be noted that the defense of Hollis to the action against him before the justice of the peace is stated in language as follows: "And this plaintiff has a just and meritorious defense to said unjust, trumped up and fraudulent claim of said W. M. Hogan on which said judgment was rendered, in that he was not indebted to said W. M. Hogan as set forth in the account filed by said W. M. Hogan in said case."

This general statement does not state any defense to the action. The object of the Code is that the pleadings shall state facts and not mere conclusions of law. The petition of Hollis neither denies any allegation of fact contained in the account filed before the justice of the peace, nor does it state any new matter constituting a defense. The account sued on by Hogan was for goods sold to Hollis, and the items are set out in it and the account is sworn to. The account imports that Hogan sold go Hollis certain articles of merchandise set out in it at the times and for the prices therein stated.

The petition does not controvert the sale or the value of the goods, but simply alleges that Hollis was not indebted to Hogan as set forth in the account filed before the justice of the peace. Every item in the account might be correct except a single one of inconsiderable value, and yet the petition in its present form, would be literally true. If this practice was tolerated, the plaintiff might in all similar cases be put to the trouble and expense of proving that which the defendant would not and could not upon oath deny. Such generalities and vagueness of pleading is opposed to the requirements of our Code. *Gates* v. *Hayes, supra; Lawrence* v. *Meyer,* 35 Ark. 104; *Francis* v. *Francis,* 18 B. Monroe (Ky.) 57.

It follows that the judgment must be affirmed.