## NELSON *v*. FREEMAN.

### Opinion delivered November 11, 1918.

1. JUSTICE OF THE PEACE—PRESUMPTION AS TO JUDGMENT.—Judgments of justices of the peace are not presumed to be regular, and all jurisdictional facts must appear; otherwise, such judgments are void.

2. PROCESS—SUFFICIENCY OF SERVICE OF PROCESS.—Under Kirby's Digest, § 4569, providing for service of summons either by delivering a copy to defendant, or by leaving a copy at his usual place of abode with a member of his family over the age of 15 years, or by reading it to and in the presence of the defendant, *held* that delivery of a copy to a neighbor of defendant was insufficient to sustain a judgment.

3. PROCESS—SERVICE.—The fact that the sheriff met defendant on the street and told him that he had left a writ of summons with a neighbor, and informed him of the pendency of the action and the return date, was not sufficient to support a judgment.

4. CERTIORARI—FAILURE TO APPEAL.—Where a defendant appeared in a justice's court and moved to quash a judgment rendered against him for insufficient service, and the motion was denied, and he failed to appeal from such judgment, he will be held to have entered his appearance and to be concluded by such judgment, and precluded from obtaining relief therefrom by certiorari.

5. CERTIORARI—SUFFICIENCY OF PETITION.—A petition for certiorari to quash the judgment of a justice of the peace was properly denied where such petition did not set forth any defense to the original action in which the judgment was rendered.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; affirmed.

*Sid White,* for appellant.

1. The nature of the action was not set forth in the summons. This is fatal. 3 Ark. 343-4; Kirby's Digest, § 4569.

2. The writ was not properly served. There was no service and the court was without jurisdiction and the judgment is void. 7 Ark. 45-6; 9 *Id.* 439; 22 *Id.* 362; 32 *Id.* 23; 39 *Id.* 192; 32 Cyc. 463-4-5. The mere statement of Roady to appellant that the writ had been left for him, unaccompanied by delivery or reading was not service. 4 Ark. 449-450.

The appellee *pro se.*

The service was sufficient to support the judgment. It was left on his premises and he was told of it and notified of the trial. He said, "All right, I'll be there." This was an acceptance of service. The informality of the return does not annul or destroy the real service. The motion was properly overruled.

McCULLOCH, C. J. This is a proceeding instituted by appellant in the circuit court on certiorari to quash the judgment of a justice of the peace in favor of appellee. The circuit court refused to quash the judgment and an appeal has been prosecuted from that order.

The proceedings before the justice of the peace were brought up to the circuit court on the return of the writ, and it appears from the face of the record made by the justice of the peace that appellee's action against appellant was begun on October 31, 1917, for the recovery of judgment on a promissory note for $25 with accrued interest, and the summons returnable on November 6th, was duly issued and delivered to the sheriff of the county for service. On the return day of the writ appellant failed to appear, and judgment by default was rendered against him in favor of appellee for recovery of the debt, interest and cost. The original process, which is brought up in the

record, shows the return of the sheriff in the following form:

"State of Arkansas
County of Logan,
Shoal Creek Township.

"This writ which came to hand on the 31st day of October, 1917, have this .......... day of ...................... 190...... duly served by delivering a true copy hereof to the premises of O. M. Nelson."

The record of the justice of the peace shows that on November 21, 1917, appellant appeared before that court in person and by attorney, and filed a motion to quash the judgment and the execution issued thereon for want of proper service of summons, and that on the hearing of the motion the court found that there had been sufficient service and overruled the motion. The writ of certiorari in the present proceeding was applied for and issued on November 28, 1917. The case was heard below on the record of the justice of the peace, and an agreed statement of facts concerning the method in which the process issued by the justice of the peace was served.

It is shown in the agreed statement of facts that the sheriff left a copy of the writ with a neighbor of appellant who later delivered the same to appellant, and that on a still later date, five days before the return date, the sheriff met appellant on the street at the county site of the county and informed appellant of the fact that the summons had been left with one of appellant's neighbors and further "informed defendant of the case, that it was before P. A. Newman, J. P. Shoal Creek Township, and set for November 6, 1917."

There is no conclusive presumption of regularity attending the judgments of justices of the peace and all jurisdictional facts must sufficiently appear; otherwise, such judgments are void. *Levy* v. *Ferguson Lumber Co.,* 51 Ark. 317. Again, it has been said that the records of justices of the peace "are not required to be strictly formal and great latitude is indulged in permitting the facts upon which jurisdiction is based to be shown. Their

affirmative recitals of jurisdiction are only *prima facie* evidence at best." *Visart* v. *Bush,* 46 Ark. 153.

The statute prescribes the following method of service of process issued by a justice of the peace:

"The service of process shall be by delivering to the defendant a copy of the summons, and if he refuses to receive it, the offer of it to him shall be a sufficient service; or by leaving a copy of such summons at the usual place of abode of the defendant, with some person who is a member of his family over the age of fifteen years; or by reading it to and in the presence of the defendant." Kirby's Digest, Sec. 4569.

The return of the sheriff on the process shows that it was served by leaving a copy thereof at the premises of the defendant. That was not sufficient service, as the statute requires that a copy must be left "at the usual place of abode of the defendant, with some person who is a member of his family over the age of fifteen years." The delivery of the copy by a neighbor with whom it was left was, of course, not sufficient.

It is argued that the statement made by the sheriff to appellant concerning the writ of summons was sufficient service under the statute. According to the agreed statement of facts, the sheriff met appellant on the street and told him about the outstanding writ and informed him of the pendency of the action and the return date. The statute permits service either by delivery of a copy to the defendant or by offering a copy where delivery is refused, or "by reading it to and in the presence of the defendant." It is not sufficient merely to inform the defendant of the contents of the writ. Where a copy is neither offered nor delivered, it must be actually read to the defendant in order to constitute valid service under the statute.

We are of the opinion, however, that appellant is barred from the remedy now sought by certiorari to quash the judgment on account of his appearance before the justice of the peace for the purpose of quashing the judgment, and his failure to appeal from the judgment of that

court refusing to do so. It will be noted that the appearance before the justice of the peace to quash the judgment was within thirty days after the rendition of the judgment. That fact may not be important in determining the finality of the judgment of the justice, but it is worthy of mention that it was within the time allowed by the statute for an appeal to the circuit court. A justice of the peace has jurisdiction to entertain a motion to quash a judgment on account of insufficient service. *Gates* v. *Bennett,* 33 Ark. 475; *Knight* v. *Creswell,* 82 Ark. 330.

The remedy by certiorari was also open to him, but he elected to appear before the justice of the peace and the judgment on his motion is conclusive. He could not submit himself to a court having jurisdiction to render relief without binding himself by that election, and his failure to appeal from the adverse judgment bars him from seeking other relief which he otherwise might have sought. *Ederheimer* v. *Carson Dry Goods Co.,* 105 Ark. 488.

The principle announced in the case just cited is, we think, conclusive of this question. In that case it was a suit on a foreign judgment. The defendant had appeared before the foreign court and moved to quash the service and failed to appeal from the adverse decision of that question. In disposing of the matter here we said: "Appellee, having elected to submit the issue as to whether the circuit court of Missouri had jurisdiction of its person to render the judgment sued on herein, is bound by the judgment of that court on that issue, so long as same stands unreversed by the courts of Missouri." In that case the motion was to quash the service before judgment, but the principle announced is the same as involved in this case. It is not a question of waiver of process by appearance, but it is one as to the finality of the decision of a question of a court which had the jurisdiction to hear and determine that question. Appellant appeared before the justice of the peace who had jurisdiction to determine whether or not there had been proper service in the case,

and the decision of that matter by the justice was conclusive. The decision of the Missouri court which was involved in the case of *Ederheimer* v. *Carson Dry Goods Company, supra,* was by a court of superior jurisdiction in that State, and the question of jurisdiction would have been open for inquiry when suit was brought in this State upon the judgment rendered there if it had not already been expressly decided. But we held that, even though the defendant appeared in the Missouri court for the sole purpose of quashing the service, and not for any other purpose, an adverse decision, unappealed from, was conclusive in a suit here to enforce the judgment.

The judgment of the circuit court in refusing to quash the judgment of the justice of the peace was correct for the further reason that the petition for certiorari does not set forth any defense to the original action in which the judgment was rendered. *Gates* v. *Hayes,* 69 Ark. 518.

We conclude, therefore, that the decision of the circuit court was correct, and the judgment is affirmed.

SMITH, J., (dissenting). It does appear that the defendant, within the time allowed by law for perfecting an appeal from the judgment of a justice of the peace, filed a motion to quash an execution which had issued on the judgment, but no controlling importance is given to that fact. The result here arrived at would have been reached had the motion been filed after the expiration of the time for an appeal. The point made controlling is that defendant elected to file a motion to quash the execution rather than to apply for relief by certiorari. So that the effect of the opinion is that a judgment which was void as having been rendered without service has been validated, and the refusal of the justice of the peace to quash the execution based upon the void judgment, becomes conclusive, so that relief cannot be afforded by certiorari or otherwise, but the judgment itself is validated, and the existence and validity of the debt upon which the suit is based becomes an adjudged fact, when the debtor has never had an opportunity to be heard on that question. We do

not have here the question involved in the case of *Eder-heimer* v. *Carson Dry Goods Co.*, 105 Ark. 488. There the right of the court to proceed to the rendition of an original judgment was involved. The question was whether the defendant was before the court, and the defendant appeared to raise that question. The court found he was properly before the court, and rendered judgment against him. The court in that case had jurisdiction to determine whether the defendant had been served with process. He, himself, appeared to raise that question, and he could not ignore an adjudication which he had invited the court to make. He should have appealed from the adverse decision. At any rate, before any judgment was rendered or could have been rendered against him, he had the opportunity to be heard upon the merits of the subject matter of the litigation. Here no such opportunity was offered. That defendant was not served with process, and was, therefore, under no duty to appear and defend, is expressly stated by the majority in the instant case, yet the merits of the case were adjudged by a court without jurisdiction, and when a motion is filed to quash process based upon this void judgment, the court now holds that the filing of this motion not only enters the appearance of the defendant in the litigation, but reaches back and validates a void judgment.

It is true that the defendant in the instant case failed to set up the fact that he had a meritorious defense to the original suit, but that fact is given no controlling weight. Under the reasoning here, we would have the same result, even though the allegations of a meritorious defense had been recited in the motion to quash the execution, because, instead of proceeding in the first instance by certiorari, the defendant elected to move to quash the execution. After a somewhat diligent search, I have been able to find only one case which supports the proposition announced in the majority opinion, and that is the case of *Curtis* v. *Jackson*, 23 Minn. 268. The true rule is stated in 2 R. C. L. 332, sec. 13, as follows: "In case of a judgment void for want of service of process, the defendant

does not waive the question of jurisdiction or validate the void judgment by an appearance in support of a motion to set the judgment aside. The course of such a moving party at the same time consenting and asking that the court shall hear and adjudicate upon the cause may justify the court in entertaining the cause and proceeding as in an action pending in which the defendant has voluntarily appeared. But in thus urging his legal right, and thus invoking and consenting to the future action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment, which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void, and in legal effect a nullity. Such an appearance, however, is unquestionably a submission of the person of the defendant to the jurisdiction of the court for further proceeding, after the vacation of the judgment, without further process. One against whom a judgment has been entered without jurisdiction of his person submits himself to the jurisdiction of the court by appearing for the purpose of quashing a garnishment proceeding to subject his property to the satisfaction of the judgment, and to contest a motion to amend the return of service. Although his motion to quash the judgment is granted, he may be required to plead to the complaint.''

The authority of the case of *Curtis* v. *Jackson, supra,* is wholly destroyed by the later opinion of the Supreme court of Minnesota in the case of *Godfrey* v. *Valentine,* 39 Minn. 336, 12 Am. St. Rep. 657, in which case it was stated: ''The respondent relies in support of the judgment upon the rule declared in *Curtis* v. *Jackson,* 23 Minn. 268, to the effect that the appearance by a party, unless limited to mere jurisdictional questions, cures a want of jurisdiction as to a judgment previously rendered. The propriety of that rule with respect to an appearance after judgment, and for the purpose of securing relief from the judgment, was doubted in *Kanne* v. *Minn. etc. Ry. Co.,* 33 *Id.* 419, 421. The doctrine of *Curtis* v. *Jackson, supra,* to the full extent expressed in that decision, cannot, we

are satisfied, be sustained upon principle. Upon an application to set aside a judgment shown to have been absolutely void because the court had acquired no jurisdiction in the cause, an objection distinctly made upon that ground should not be deemed to have been at the same time waived from the fact that the moving party also urges in support of his application additional reasons not inconsistent with the alleged want of jurisdiction, nor because, by asking to be allowed to file an answer as in a pending cause, he indicates his present willingness to submit himself to the jurisdiction of the court, in order that, after a hearing upon the issues thus presented, the court may proceed to judgment. The course of the moving party in thus seeking to have a void judgment set aside—to which relief he is entitled as a matter of right —but at the same time consenting and asking that the court shall now hear and adjudicate upon the cause, may justify the court in entertaining the cause and proceeding as in an action pending in which the defendant has voluntarily appeared. But in thus urging his legal right, and thus invoking and consenting to the future action of the court, the moving party should not be deemed to have conferred jurisdiction retrospectively, so as to render valid the previous judgment, which, being unsupported by any authorized judicial proceedings, was not merely voidable, but void, and in legal effect a nullity. *Gray* v. *Hawes,* 8 Cal. 562; *Shaw* v. *Rowland,* 32 Kan. 154; *Boles* v. *Shules,* 29 Iowa 507; *Briggs* v. *Sneghan,* 45 Ind. 14; *State* v. *Cohen,* 13 S. C. 198; *Moore* v. *Watkins,* 1 Ark. 268.''

It will be observed that, in overruling its former opinion, the Supreme Court of Minnesota cited and followed the early case in this State of *Moore* v. *Watkins,* 1 Ark. 268. The syllabus in this last cited case is as follows: ''It is error to enter judgment, by default without service of process. And such error is not cured by the defendant filing pleas after entry of judgment by default, without obtaining leave to do so, or applying to the court to set aside the judgment.''

It is true the case of *Moore* v. *Watkins* is one of the oldest cases in our reports, but it has never been expressly overruled, and its doctrine is so sound that, in my opinion, we should follow it, and should hold that the motion to quash the execution did not validate the void judgment, and the case should be remanded with directions to give the defendant the day in court which he has never yet had.

A later case, and one to the same effect, is that of *Southern B. & L. Assn.* v. *Hallum,* 59 Ark. 583, in which case a judgment had been rendered by default on an insufficient service against the association, and a motion had been filed by the association to set aside the judgment. This motion was overruled, and an appeal was taken to this court, where, Judge BATTLE, speaking for the court, said: "The appellant had the right to insist upon a valid summons, and a legal service thereof, before it was bound to appear and answer the complaint in this action, or suffer the consequences of a failure to do so * * * * The filing of the motion to set aside the judgment because of the want of jurisdiction of the person of the defendant was no appearance in the suit, or waiver of service of the summons, or of notice. *Baskins* v. *Wylds,* 39 Ark. 347." The judgment of the court below was therefore, reversed, with costs; and the cause remanded, with directions to proceed as if the appellant had been duly served with process.

See also, *Pennington* v. *Gibson,* 6 Ark. 451; *St. L., I. M. & S. Ry. Co.* v. *State,* 68 Ark. 561.

I therefore dissent.