OVERTON *v.* ALSTON.

5-5634                                          132 S. W. 2d 834

Opinion delivered November 6, 1939.

*Ed. B. Cook,* for appellant.

*James Brookfield Roleson,* for appellee.

MEHAFFY, J. This is an action by the appellant for a writ of certiorari to quash a judgment of a justice of the peace in favor of W. E. Green & Son, who are appellees. The circuit court refused to quash the judgment and this is an appeal from that order.

The record shows that the suit in the justice of the peace court was on an account for merchandise sold by Green & Son to appellant. The judgment of the justice of the peace was for the amount of the account for merchandise.

The petition for the writ of certiorari stated at its close that the appellant had a meritorious defense. This is the only statement with reference to a defense. The petitioner does not state that he did not purchase the merchandise, does not state that any of the charges are incorrect, and does not state that he had paid the account or any part of it.

At the time the case was set for trial in the justice of the peace court, the appellant appeared and said he wanted to get an attorney. The case was continued a week in order that appellant might secure an attorney. He appeared at the office of the justice of the peace on the day set for trial and did not have his attorney with him, but had a written petition prepared by his attorney under § 21 of act No. 60 of the Acts of 1927, which

reads as follows: ''In any civil action brought before a justice of the peace in any township in the county wherein a municipal court exists under this act, the defendant may, on motion, without any affidavit or supporting witnesses, take a change of venue to said municipal court, without the payment or tender of any fees; the justice of the peace, upon the filing of such motion, to have no further jurisdiction in the case, except for the purpose of preparing a transcript for said case.''

The ·appellant testified that Mr. Green had an action against him in the justice of peace court and that he consulted an attorney, Mr. Ivy Crawford, who was busy, and there was no particular reason for his going over there; he prepared a motion for witness to take over and. present to the court. ·Witness took the motion and, when the court was called in session, mentioned that he had the motion and proceeded to discuss it; he intended to read it; he laid it on the table and Mr. Green raised objections and said it could not be transferred to the municipal court. Witness further testified that his lawyer was not present and he did not get a chance to say anything further until the justice of the peace had gone ahead with the case; when he got a chance the second time, he read the motion and that was as far as he undertook to do anything. He read the motion after Mr. Green had given his testimony. He filed the motion before the trial started. As soon as court was called to order he pulled the petition out and started explaining, and was interrupted. He laid the motion on the table; does not know when the justice of the peace got hold of the motion, but he finally finished reading the motion after Mr. Green finished testifying. The justice of the peace said that if he transferred it anywhere he would have to transfer it to Leachville; that he could not transfer it to municipal court. The justice of the peace rendered judgment. Witness said the reason he did not appeal was that he thought he had done sufficient; he had done what they told him to about the motion. He did not give any notice of appeal and did not perfect an appeal. All the business he had was to transfer the case to municipal court. He informed the

court and the court knew that that was a motion to, transfer before he started the trial of the case.

The justice of the peace, E. F. Alston, filed the transcript, and testified that Overton filed a motion on the day to which the case had been continued. The case was continued at the request of the appellant, Overton, and the parties appeared there on the second day the case was set, April 21st, and he had a trial, heard the testimony, and rendered judgment. Overton read the motion after Mr. Green had made his statement, after Mr. Green had already testified, and he overruled the motion and rendered judgment. He had already started to try the case and Mr. Green had testified, when Mr. Overton presented his motion.

The transcript of the justice of the peace showed a judgment, regular in form, for $38.84 with interest and costs. After the circuit judge had denied the writ, motion for new trial was filed, overruled, and the case appealed to this court.

The appellant, Overton, called the court's attention to the motion and started to read it, and laid it on the table of the justice of the peace. We think this was a sufficient filing of the motion.

Whenever a motion is filed to transfer under the above statute, it is not only the duty of the court to transfer it to municipal court, but after the motion is filed, the justice of the peace has no further jurisdiction in the case except for the purpose of preparing a transcript for said court.

Certiorari is not a writ of right, but issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion to grant or refuse the writ as justice may seem to require. Inasmuch as the writ is a discretionary one, it is often denied where the power to issue is unquestionable. The writ will be granted only where necessary to prevent substantial wrong. 11 C. J. 128.

This decretion, however, is not an arbitrary one, governed by the whim or caprice of the court, but is a sound, judicial discretion, dependent on the settled legal principles applicable to the case, and an abuse thereof

is generally reviewable, but such discretion will be interfered with only when a clear abuse thereof is shown. 11 C. J. 129.

Section 2866 of Pope's Digest provides that affidavits may be read on such applications and evidence dehors the record may be introduced by either party on the hearing. The record of any such inferior judicial tribunal shall be conclusive as far as the same may extend.

In this case evidence was introduced, but there was no evidence by the petitioner that he did not purchase the merchandise, or that it had been paid for, nor did he mention any other defense that he might have.

"The burden of proof is on the petitioner to make out a clear case." 11 C. J. 158.

The writ, being discretionary, will not be granted where it is clear that the granting of the writ, and setting aside and quashing the judgment would still leave the petitioner indebted in the amount of the judgment. Under our practice, he must show in his petition, not merely a conclusion of law that he has a meritorious defense, but he must show the facts that constitute the defense.

In the case of *Gates* v. *Hayes,* 69 Ark. 518, 64 S. W. 271, this court said: "Moreover, the aid of the writ should never be granted except to do substantial justice. *Burgett* v. *Apperson,* 52 Ark. 213, 12 S. W. 559. Although not strictly applicable to proceedings by certiorari, § 4200, Sand. & H. Dig., shows the policy of the law to be not to vacate judgments unless there is some defense to the action in which the judgment was rendered. This is the principle applicable here, independent of the statute. Counsel assert in their brief that the 'defendant insists that he does not owe F. Gates one cent.' If that be true, he should have set it up in his petition. Unfortunately for him, his petition alleges that the suit was on a note and open account, and he does not charge anywhere that the note was not given, or that it was not due, or that it had been paid. Nor does he say that the account was unjust, or that it had been paid; nothing, in fact, to

show that his lands should not have been subjected to the payment of his debt."

In the case of *Hollis* v. *Hogan*, 126 Ark. 207, 190 S. W. 117, the late Chief Justice HART, speaking for the court, said:

"It will be noted that the defense of Hollis to the action against him before the justice of the peace is stated in language as follows: 'And this plaintiff has a just and meritorious defense to said unjust, trumped up and fraudulent claim of said W. M. Hogan on which said judgment was rendered, in that he was not indebted to said W. M. Hogan as set forth in the account filed by said W. M. Hogan.'

"This general statement does not state any defense to the action. The object of the code is that the pleadings shall state facts and not mere conclusions of law. The petition of Hollis neither denies any allegation of fact contained in the account filed before the justice of the peace, nor does it state any new matter constituting a defense. The account sued on by Hogan was for goods sold to Hollis, and the items are set out in it and the account is sworn to. The account imports that Hogan sold to Hollis certain articles of merchandise set out in it at the times and for the prices therein stated.

"The petition does not controvert the sale or the value of the goods, but simply alleges that Hollis was not indebted to Hogan as set forth in the account filed before the justice of the peace."

In the case of *Nelson* v. *Freeman*, 136 Ark. 396, 206 S. W. 667, the late Chief Justice McCULLOCH, speaking for the court, said: "The judgment of the circuit court in refusing to quash the judgment of the justice of the peace was correct for the further reason that the petition for certiorari does not set forth any defense to the original action in which the judgment was rendered."

" 'The petition' said the court, 'should state clearly what the plaintiff in the action said, to induce him to understand the suit was dismissed, or that no further proceedings would be had in the case.' It was held in Illinois that a justice of the peace could not take a case under advisement, even by consent of parties, and that

where, after he had heard the evidence, he adjourned the cause for any reason, it is fatal and the suit must fail. But a petition for certiorari to remove a cause from a justice of the peace must show with certainty the injustice sustained, and why the defense was not made, and if this is not stated in the petition, it cannot be supplied or supported by affidavits." Harris on Certiorari, 436.

A judgment will not be quashed on certiorari, even though erroneous or void, unless it appears from the petition that the petitioner has a defense to the action. This court has many times held that where there was a defective service and a judgment had, in order to get that judgment set aside, the party must show a meritorious defense. This extraordinary writ being a writ of discretion, the reason is very much stronger for refusing to quash the judgment, if there is no meritorious defense alleged in the petition.

Section 8249 of Pope's Digest reads as follows: "A judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment."

The judgment of the circuit court is affirmed.

GRIFFIN SMITH, C. J., (concurring). I think there should be added to the opinion the statement that inasmuch as the court had discretion to grant or refuse the writ, refusal to issue it to quash the judgment was not *res judicata* in respect of the contention that the judgment was void. See Corpus Juris, "Certiorari," vol. 11, § 385.