WHALEY *v.* WHALEY, ADMINISTRATRIX.

4-8469                                209 S. W. 2d 871

Opinion delivered April 5, 1948.

*Carl Langston* and *Quinn Glover*, for petitioner.

*Dwight L. Savage, Henry Donham* and *William H. Donham, Jr.,* for respondent.

MINOR W. MILLWEE, Justice.   Beatrice Whaley has filed a petition for writ of *certiorari* in this court seeking to quash a decree of divorce which Dr. E. S. Whaley, who is now deceased, obtained from her in the Lonoke County Chancery Court in July, 1946.

The following facts appear from the record as reflected by the petition and response filed in the case: Petitioner and Dr. E. S. Whaley were married at Hope, Arkansas, in 1907 and lived together until May, 1932, when they separated while residing at Prescott, Arkansas.   Immediately after the separation, Dr. Whaley moved to Carlisle in Lonoke county, Arkansas, where

he engaged in the practice of medicine until his death in June, 1947.

On June 21, 1946, Dr. Whaley conveyed to petitioner certain real estate in the city of prescott, Arkansas, which respondent contends, and petitioner denies, the latter accepted in settlement of her property rights and in contemplation of the divorce action filed against her by Dr. Whaley. On June 29, 1946, petitioner signed and acknowledged a "Stipulation, Waiver, and Entry of Appearance" to a divorce complaint by Dr. Whaley in the Lonoke Chancery Court, as follows: "Comes now the defendant in the above styled cause of action, Mrs. Beatrice Whaley, and enters here her appearance in the above styled cause of action, waives service of summons, waives notice to take depositions and waives the time and consents that this cause may be heard before the Chancellor of the First Chancery District of Arkansas, or the Lonoke Chancery Court, either in vacation or term time and Decree entered herein as the Term Time."

A decree dated July 15, 1946, signed by Henry E. Spitzberg as Special Chancellor, was entered in the Lonoke Chancery Court granting Dr. Whaley a divorce from petitioner on the grounds of indignities and separation without cohabitation for more than 10 years, under Sub-sections 5 and 7 of § 4381, Pope's Digest. This decree recites that the cause was submitted to and heard by the court upon the petition of Dr. Whaley, the stipulation, waiver, and entry of appearance of petitioner, and the depositions of certain witnesses. An endorsement "In vacation July 15, 1946" was placed on the face of the decree by the clerk at the time of recording. The clerk's endorsement on the complaint reads: "Filed as of July 12, 1946, on July 16, 1946."

On October 29, 1946, Dr. E. S. Whaley was married to respondent, Naomi Simmons Whaley, and they lived together at Carlisle, Arkansas, until his death, intestate, on June 13, 1947.

Three daughters were born to the marriage of Dr. Whaley and petitioner and are now grown and married. Two of these daughters reside in Arkansas and joined

in a petition with the respondent requesting the Lonoke Probate Court to appoint the latter as administratrix. of their father's estate. Letters of administration were granted on the petition and respondent is now the duly qualified and acting administratrix of said estate.

On August 23, 1947, petitioner filed in the Lonoke Chancery Court a motion to strike and expunge the divorce decree from the record of the court. This motion alleged that the special chancellor had no authority to act or serve as such, and had no jurisdiction to grant the divorce decree of July 15, 1946; that petitioner was not served with process and had no notice of the divorce proceedings; that the grounds of divorce were not proved; and that petitioner was the lawful widow of Dr. E. S. Whaley, deceased, and entitled to a widow's benefits in the estate of said deceased. Respondent filed a motion to dismiss and intervention in these proceedings, which are still pending in the chancery court.

In her petition for *certiorari* in this court, Beatrice Whaley alleges that on July 12, 1946, an attorney for Dr. Whaley prepared the divorce complaint, depositions and precedent for decree at his office in Lonoke county and forwarded them to Mr. Spitzberg at Little Rock, Arkansas, for signature before the complaint and other instruments had been filed with the clerk of the Lonoke Chancery Court; that said special chancellor signed the precedent for decree and returned the file to the attorney who filed same with the chancery clerk on July 16, 1946, with instructions to file the instruments as of July 12, 1946. There is attached to the petition certain correspondence, which is not a part of the record now sought to be reviewed, to establish these allegations.

It is further alleged by petitioner that on July 8, 1946, the Governor attempted to appoint Mr. Spitzberg as special chancellor to serve for a period not to exceed 30 days in the absence of the regular chancellor; that he was also elected special chancellor by the Lonoke County Bar on July 12, 1946, for the same purpose; that at the time Mr. Spitzberg signed the purported divorce decree he was not a special chancellor and was without

authority and jurisdiction to grant the divorce; that the decree shows on its face to be void and of no effect; and that the divorce suit is still pending in the Lonoke Chancery Court and should be abated because of the death of Dr. Whaley.

The response of Naomi Whaley specifically denies the allegations of the petition and states that in contracting the marriage with Dr. Whaley she relied, upon the validity of the divorce decree and property settlement which she alleges Dr. Whaley made with petitioner; that petitioner had full knowledge of the divorce proceeding while represented by able counsel; that the action of petitioner in entering her appearance in the divorce proceeding and consenting to entry of a decree in term time or vacation, and her failure to make, a defense to the complaint or take any action to question the validity of the decree until after the remarriage and death of Dr. Whaley, constituted an estoppel of petitioner from being granted the relief sought in the petition; that petitioner is guilty of laches, and that her delay in attacking the validity of the decree will, by reason of the intervening rights of respondent, result in incalculable hardship and damage to respondent if the petition is granted. The response further alleged that the petition should be denied for the reason that it does not allege that petitioner has any defense to the divorce action, and that it fails to show sufficient cause for this court to exercise its discretion and grant the writ.

It is the contention of petitioner that the divorce decree granted Dr. Whaley on July 15, 1946, is void and a nullity because a special chancellor acting either by appointment under Act 417 of 1941, or election by members of the bar, is without authority to render a decree in vacation; that said Act 417 of 1941 is unconstitutional and the jurisdiction of the Lonoke Chancery Court had not been invoked when the alleged decree was signed in Pulaski county. Counsel on both sides have presented excellent briefs on these points but we find it unnecessary to a decision of this case to consider these questions.

It has been the consistent policy of this court to refuse to grant writs of *certiorari* except where such ac-

tion is necessary to do substantial justice, or prevent a wrong. The writ is not regarded as one of right, but rather as one which rests in the sound discretion of the court and should not be granted where it would operate inequitably and unjustly. In *Arkadelphia Milling Co.* v. *Bd. of Equalization,* 136 Ark. 180, 206 S. W. 70, the court said: *"Certiorari* is a writ of discretion, and not a writ of right, and is not a proceeding to be employed when its employment does an injustice and deprives one of a legal right which would have been established by the proceeding sought to be reviewed, had that proceeding been conducted in compliance with the strict forms of law.''

This court has also adopted the practice and policy in *certiorari* proceedings of refusing to quash a judgment, even though void, unless it appears that the petitioner has a defense to the action. In *Gates* v. *Hayes,* 69 Ark. 518, 64 S. W. 271, this court reversed the action of the circuit court in quashing a personal judgment, void because rendered on constructive service, where petitioner did not allege or show a defense to the suit upon which the judgment was rendered. The court said: Moreover, the aid of the writ should never be granted except to do substantial justice. *Burgett* v. *Apperson,* 52 Ark. 213, 12 S. W. 559. Although not strictly applicable to proceedings by *certiorari,* § 4200, Sand. H. Dig., shows the policy of the law to be not to vacate judgments unless there is some defense to the action in which the judgment was rendered. This is the principle applicable here, independent of the statute.'' This holding was followed in the cases of *Hollis* v. *Hogan,* 126 Ark. 207, 190 S. W. 117, and *Nelson* v. *Freeman,* 136 Ark. 396, 206 S. W. 667.

The three cases last cited were reviewed in the later case of *Overton* v. *Alston,* 199 Ark. 96, 132 S. W. 2d 834, where this court said: *"Certiorari* is not a writ of right, but issues only on special cause shown to the court to which application is made, and the court is vested with judicial discretion to grant or refuse the writ as justice may seem to require. Inasmuch as the writ is a discretionary one, it is often denied where the power to issue is unquestionable. The writ will be granted only where

necessary to prevent substantial wrong. 11 C. J. 128." It was further said in that case: "A judgment will not be quashed on *certiorari,* even though erroneous or void, unless it appears from the petition that the petitioner has a defense to the action. This court has many times held that where there was a defective service and a judgment had, in order to get that judgment set aside, the party must show a meritorious defense. This extraordinary writ being a writ of discretion, the reason is very much stronger for refusing to quash the judgment, if there is no meritorious defense alleged in the petition."

The principle held applicable in the above cited cases, independent of statute, has often been recognized in proceedings to vacate divorce decrees. In *Allsup* v. *Allsup,* 199 Ark. 130, 132 S. W. 2d 813, appellant delayed filing a motion to vacate the decree for 17 months after knowledge of its rendition. It was held that the delay would not, under the circumstances, be excused, the court saying: "All her contentions fail for the following reasons: First, no fraud was proven or established in procuring the decree. Second, she had no defense, or alleged none that would entitle her to prevail in this motion. Third, she delayed unduly after notice and permitted changed circumstances and conditions and new rights of another party to arise during her extended delays, the appellee having married again." See, also, *Corney* v. *Corney,* 97 Ark. 117, 133 S. W. 813; *Bauer, Executor* v. *Brown,* 129 Ark. 125, 194 S. W. 1025; *Page* v. *Woodson,* 211 Ark. 289, 200 S. W. 2d 768; and L. R. A. 1917B, 425.

This court is also committed to the rule that the writ of *certiorari* will be refused when the party seeking it fails to show that he has proceeded with due expedition after discovering that it was necessary to resort to it. *Black* v. *Town of Brinkley,* 54 Ark. 372, 15 S. W. 1030; *Lyons* v. *Green,* 68 Ark. 205, 56 S. W. 1075; *Hill* v. *Taylor,* 199 Ark. 695, 135 S. W. 2d 825.

It is clear from the record in this case, that petitioner and the deceased had been separated for 14 years in 1946 when he conveyed valuable real estate to her; and

that a few days thereafter she executed an entry of appearance in the divorce proceeding in which she expressly consented that a decree might be entered either in term time or vacation. Although she had full knowledge of the proceeding, she took no action to set it aside until more than a year after its rendition, and after the remarriage and death of Dr. Whaley. Her delay and inaction has permitted changed circumstances and conditions to arise which render it inequitable and unjust to an innocent third party for a court to grant the petition. The petition does not allege fraud, or other inequitable conduct, on the part of Dr. Whaley in obtaining the decree, nor that petitioner has any defense to the divorce action.

We conclude that petitioner has not shown sufficient cause for this court to exercise its discretion to grant the extraordinary writ of *certiorari,* and that it would amount to an abuse of discretion on our part to award the writ under the circumstances presented here. The petition is, therefore, denied.