Burns *v.* Local Trademarks, Inc.

5-232                                   263 S. W. 2d 483

Opinion delivered December 21, 1953.

Supplemental opinion denying rehearing January 25, 1954.

*Paul K. Roberts,* for appellant.

*W. L. Jean,* for appellee.

Ed. F. McFaddin, Justice. The question posed by the appellants' brief is the legal sufficiency of the papers and certificate transmitted on appeal from the Municipal Court to the Circuit Court; but under the state of the record now before us, we do not reach the question posed. We affirm the case because of the failure of the appellants to bring before this Court a record showing any exception to any ruling.

On April 29, 1952, appellee, a corporation, sued appellants (C. C. Burns, et al., trading as Burns Dairy Co.) in the Municipal Court of El Dorado, for $182.00. The cause of action was based on a written contract. Trial in the Municipal Court resulted in judgment for Burns, and Local Trademarks appealed to the Circuit Court. The record before us shows that the judgment was rendered in the Municipal Court on January 22, 1953, and that the papers were filed in the Circuit Court on February 3, 1953. Such filing was well within the time allowed. See § 22-707 Ark. Stats.

In the Circuit Court, Burns filed a motion to dismiss the appeal, alleging that no legally sufficient *transcript,* certified as required by law, had been filed. The point that appellants seek to raise is that the Municipal Clerk, instead of making a "transcript", sent to the Circuit Court (a) the original papers in the cause,

(b) the covering jacket with Municipal Court notations, and (c) the judgment of the Municipal Court, which contained this certificate:

"I hereby certify that the above is a true and correct copy of the judgment rendered in the above styled cause, together with all the process and all papers relating to said suit and costs thereof, as shown on page No. 328 of Book No. 3 of the Judgment Records on file in my office in the Union County Court House, this 2nd day of February, 1953."

The appellants say that all of these do not constitute a "transcript".

The record before us contains the motion to dismiss —filed by Burns in the Circuit Court—but does not contain any ruling of the Court on the motion, or any exception saved by Burns to any ruling that might have been made on the motion. So, on the face of the record before us, there is no ruling by the Trial Court as the essential basis of an assignment to be argued here. See *North River Ins. of New York Co.* v. *Thompson,* 190 Ark. 843, 81 S. W. 2d 19.

The cause was tried to a Jury in the Circuit Court; and in the motion for new trial, Burns assigned as error the refusal of the Court to grant the motion to dismiss. We are informed in appellee's brief—and the statement is undenied by appellants—that the Circuit Court heard evidence on the motion to dismiss. No bill of exceptions is contained in the transcript here, so we do not know what testimony the Court heard on any issue. In the absence of a bill of exceptions, the assignment in the motion for new trial is unavailing. See *McKinley* v. *Broom,* 94 Ark. 147, 126 S. W. 391.

It therefore follows that the Circuit Court judgment must be affirmed.

## SUPPLEMENTAL OPINION ON REHEARING

ED. F. McFADDIN, Justice. Appellant says the record before us should be treated as a certiorari proceed-

ing to quash a void order; and that the order of the Circuit Court, in refusing to dismiss the appeal from the municipal court, is void on its face, since (says appellant) the transcript of papers and the certificate of the municipal court clerk show invalidity "on the face of the record."

The order of the Circuit Court refusing to dismiss the appeal from the municipal court in this case is in about the same category as a Circuit Court order refusing to quash service; and an exception must be preserved of record to such ruling or the point is treated as waived. Since the record before us fails to show any exception preserved of record, the point is treated as waived.

Furthermore, certiorari is a writ of discretion, and will be refused unless it be shown that the party seeking it has a meritorious defense to the action. *Whaley* v. *Whaley,* 213 Ark. 232, 209 S. W. 2d 871.

The Petition for Rehearing is denied.